## SUPREME COURT.

### ELISHA KILBURN and another, administrators, &c., agt. MILES COE.

*Action for damages under the excise law.*

Damages arising from injuries to property and loss of property sustained by an habitual drunkard, may be recovered under the excise law against any person unlawfully making the sale of the liquor by means of which the injuries arose. The statute in general terms declares it unlawful to sell intoxicating liquors to any person guilty of habitual drunkenness (2 *R. S.* [*5th ed.*], 944, § 21).

Such injury to the habitual drunkard being against his property or estate, as distinguished from a mere injury to his person, an action for damages may be brought, in case of his decease, in favor of his executors or administrators of his estate (3 *R. S.* [*5th ed.*], 746, § 1).

*Chautauqua Circuit, September,* 1874.

THE plaintiffs, as administrators of the estate of Ira Bently, deceased, bring this action against the defendant, for the recovery of demands arising under the excise laws.

The plaintiffs allege, in their complaint, that the intestate was, for a number of years previous to his death, an habitual drunkard, and that during that time, the defendant, who had a license to sell by the quantity, sold to the intestate large quantities of strong and spirituous liquors, to be drank by him; and that by reason thereof he was greatly damaged by destroying his own property, while in that condition, and by reason thereof, and by being made incapable of doing labor, &c., &c.

The plaintiffs also allege that the intestate paid defendant large sums of money for the said liquors sold to him, when

he was an habitual drunkard as aforesaid, and claim to recover for the money so paid.

The defendant demurs to the complaint:

1st. On the ground that the plaintiffs have not legal capacity to sue; and,

2d. That there were not facts stated sufficient to constitute cause of action.

*Jenkins & Congdon*, for plaintiffs.

*Allen & Thrasher*, for defendant.

DANIELS, *J.* — The plaintiffs bring this action, as administrators of the estate of Ira Bently, for the recovery of demands alleged to arise under the excise laws of the state. It appears by the complaint that the intestate was an habitual drunkard, and that the defendant, knowing that to be the fact, from the year 1864 until the time of his decease, in 1871, sold and delivered to him in the town of Cherry Creek, strong and spirituous liquors, to be drank by him, and which were drank by him, and which disabled him from following his ordinary pursuit and occupation, by means of which he lost his property, and was otherwise injured. A claim is also made for the moneys paid for the liquors sold, amounting to the sum of $300. The defendant, during the time mentioned, was a licensed vendor of strong and spirituous liquors.

To the complaint alleging these facts and demanding judgment for the injuries sustained, the defendant demurred for want of legal capacity in the plaintiff to sue, and because sufficient facts were not alleged to constitute a cause of action.

It is urged in support of the demurrer that it does not appear by the complaint that the liquor was sold within this state, but that position is unsound for the reason that it is alleged to have been sold in the town of Cherry Creek, and that is previously alleged to be one of the towns of the county named in the complaint, which is Chautauqua county.

The statute in general terms declares it unlawful to sell intoxicating liquors to any person, guilty of habitual drunkenness (2 *R. S.* [*5th ed.*], 944, § 21). And from the facts appearing in the complaint, that prohibition has been violated by the defendant, for knowing the intestate to be an habitual drunkard, he sold and delivered him strong and spirituous liquors for a period of over ten years, for the purpose of being drank, and which were drank by him. By the section referred to, the sale to such a person as the intestate was, is declared to be, in each instance, unlawful. And by another section of the same statute, it is provided that any person, who shall sell strong or spirituous liquors or wines to any of the individuals to whom it is declared by this act to be unlawful to make such sale, shall be liable for all damages, which may be sustained in consequence of such sale; and the parties so offending may be sued in any of the courts in this state, by any individual sustaining such injuries (2 *R. S.* [*5th ed.*], 942, § 29). Precisely what was the entire design of the enactment of this provision, was not clearly expressed by the terms used creating it. But like all other statutes, it must be reasonably construed from the language made use of, for the purpose of securing the result, which must have been intended to be accomplished. The individual sustaining damages by means of, and as a consequence of, the sale, is secured the right by this provision of maintaining an action, for their recovery, against the person unlawfully making it. One of the consequences of the sale is to deprive the purchaser of the price paid for the article sold, and to that extent it may be safely affirmed, that he is injured by and in consequence of such unlawful sale. That is a damage, in the language of the section, which is sustained in consequense of the sale, and for the recovery of that damage, the injured party may maintain an action. Unlawfully depriving a person of his money, or other property, on general principles, creates a right of action in favor of the injured party, and the legislature certainly designed to go so far by the enactment of the section,

Kilburn agt. Coe.

as to apply that to the case of a person unlawfully obtaining another's money, by the sale of strong or spirituous liquors. By the procurement of his money in that way, the intestate did sustain damages in consequence of the sale, and for those damages, he could have maintained an action under this provision of the statute.

And as he could maintain such an action, it would seem to follow that the same right exists in favor of his personal representatives. It was an injury to the interests of the intestate of a proprietary character, as distinguished from a mere injury to his person. And when the injury is such as affects the estate or property of the intestate, it may be redressed by an action in favor of the executors or administrators of his estate (3 R. S. [5th ed.], 746, § 1). This section includes all rights of action not contained in the succeeding section of the statute. And a demand of the nature of the present one is not within either of those exceptions. So far as the plaintiffs sue for the money received unlawfully by the defendant, the action can be sustained. But whether they can in any event recover anything beyond that, it is not necessary to consider in the disposition of the present demurrer.

The plaintiffs must have judgment on the demurrer, with leave to the defendant to answer in twenty days, on payment of the costs of the demurrer.