FREDERICK W. JANSSEN, Respondent, *v.* BENJAMIN M. WHITLOCK, Appellant.

*Leave to discontinue an action — when not granted where a counterclaim has been interposed and the plaintiff intends to sue again in another county.*

Where the defendant in an action brought in the county of New York resides in that county, as well as all the witnesses necessary to establish a counterclaim interposed by him, it is an improper exercise of judicial discretion to permit the plaintiff, after the action has been at issue for nearly a year and has been placed upon the calendar and noticed for trial by both parties, to discontinue it in order to bring another action in Richmond county upon the ground that he resides in that county and has been informed that he may there obtain an earlier trial.

APPEAL by the defendant, Benjamin M. Whitlock, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of January, 1901, granting the plaintiff's motion to discontinue the action upon paying the taxable costs and filing a stipulation that if the plaintiff begins a new action for the same relief, and the defendant interposes the same counterclaim interposed in the answer herein, the plaintiff will make the same admissions as are contained in the reply as it now stands.

*George E. Blackwell,* for the appellant.

*Charles W. Coleman,* for the respondent.

McLAUGHLIN, J.:

Action upon a promissory note to which defenses and a counterclaim were interposed. Issue was joined in May, 1900, and the cause placed upon the calendar and noticed for trial by both of the parties for the November term of that year. A motion was thereafter made to place the action upon the preferred calendar, which was denied, and following such denial the plaintiff made a motion for leave to discontinue the action upon payment of costs. The motion was granted and defendant has appealed.

From the plaintiff's affidavit used upon the motion it appears that the reason why a discontinuance was asked was that plaintiff *believed* that it would be at least twelve months before the action could be tried,

and that a speedier trial could be obtained " if this action be discontinued and begun again in Richmond County." That an earlier trial can be had in another county, other than the one in which the action is originally brought, is no reason why an action should be discontinued. The plaintiff in the first instance has the option to determine in which of the counties of the State the trial shall be had, and once he has exercised that option, he cannot, except upon good cause shown, be permitted to discontinue the action in order that he may bring another action in another county upon the same cause of action.

A plaintiff, as a general proposition, has the right to discontinue an action at any time he sees fit, upon the payment of costs ( *Walsh* v. *Walsh*, 33 App. Div. 579), and his reasons for so doing in no way influence the action of the court in granting the order of discontinuance. (*Matter of Butler*, 101 N. Y. 307.) But this is true only where the defendant has not interposed a counterclaim and has not demanded affirmative relief. When this is done, the defendant is as much interested in the ultimate result of the action as the plaintiff is and a discontinuance cannot be had, unless the court can see that the defendant will not be injured or prejudiced in any way. " In all cases," says the court in *Matter of Lasak* (131 N. Y. 624), " where a defendant becomes an actor and is interested in the continuance and trial of the action, as where he sets up a counterclaim or sets up a claim to property which is in litigation and asks in his answer affirmative relief in reference thereto, he may resist the discontinuance of the action, and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it." And it has uniformly been held, so far as we are aware, that the court will not exercise this discretion, unless it appears that by so doing the defendant will not be injured by it. ( *Winans* v. *Winans*, 124 N. Y. 140; *Yellow Pine Co.* v. *Lehigh Valley Co.*, 32 App. Div. 51.)

Here the defendant resides in the county of New York as do all of his witnesses necessary to establish his alleged counterclaim; the action has been at issue nearly a year; it has been placed upon the calendar and has been noticed for trial by both parties, and defendant has incurred the expenses necessary in the defense of the action to this time. To permit the plaintiff, under such circum-

stances, to discontinue the action in order that he may bring an action in another county of the State (which he says he proposes to do) on the ground that he there resides and has been *informed* that he may there obtain an earlier trial, we think is not a proper exercise of judicial discretion. Indeed, it does not appear that he can, in fact, obtain in Richmond county an earlier trial than he can obtain in the county of New York, nor are any grounds stated for the plaintiff's belief in this respect.

It seems to us, under the foregoing facts, that it is unjust to permit the plaintiff to discontinue the action in order that he may bring another action in Richmond county and compel the defendant to go to that county and try the issues involved. It is, in effect, a mere subterfuge for a change of venue, and this the court ought not to permit, inasmuch as the place of trial of an action can be determined in the manner pointed out in the Code.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.