tion, imposed upon it. There was a conflict of evidence upon this principal question. The jury has found that the defendant was guilty of negligence in respect to this gate, and that the plaintiff was free from negligence contributing to the accident. This result was reached after an unusually clear and careful statement of the law governing the case, to which neither the plaintiff nor defendant offered any objection or suggestion of change, and it is not clear on what ground we may say that the verdict, as modified by the stipulation, should not be affirmed. What is said in this respect may be said equally of the release on which the defendant relies. While there can be no doubt that the release executed by the plaintiff would be a complete defense to this action, if it was signed with an understanding that it was a release of the cause of action, the evidence is sufficient to support the conclusion of the jury that it was executed under a misapprehension, and that the plaintiff understood merely that he was signing a receipt for one-half pay during the time that he had been thrown out of employment by the accident. The whole matter was submitted to the jury under instructions so complete and satisfactory that no objection was suggested, and the verdict of the jury must be conclusive upon the questions involving the right of the plaintiff to recover, and the modified verdict appears fairly to measure the damages sustained by the plaintiff. The judgment and order appealed from should be affirmed, with costs. All concur.

---

(63 App. Div. 415.)

### REILLY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. PARTIES—PLEADING—DEMURRER.
   Where plaintiff alleged that his decedent had owned real estate, the buildings on which were injured by an explosion caused by defendant's negligent management of a powder house on his adjoining premises, the complaint was good on its face; and therefore defendant's failure to demur did not deprive him of the right to object to parties, on its appearing on the opening that the injury occurred after decedent's death.

2. SAME—INJURY TO PROPERTY—ADMINISTRATOR AS PARTY.
   2 Rev. St. p. 447, § 1, authorizing an administrator to sue for injuries to the property of deceased, applies only to the survival of an action, and does not warrant an action for such injury occurring after the decedent's death.

Appeal from trial term, Orange county.

Action by Bridget Reilly, as administratrix, against the Erie Railroad Company. From a judgment dismissing the complaint on the opening of the case, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Cornelius J. Early, for appellant.
Henry Bacon (Joseph Merritt, on the brief), for respondent.

HIRSCHBERG, J. The complaint upon its face asserts a good cause of action, and the defendant could not have successfully de-

murred, as suggested by the learned counsel for the appellant. It alleges ownership of certain real estate in his lifetime by the plaintiff's intestate, and the wrongful and negligent injury of the buildings thereon by an explosion occasioned by the negligence of the defendant in the management of a powder house, located on neighboring premises owned by the latter. On the opening of the plaintiff's case, however, it appeared that the plaintiff's intestate died December 30, 1887, leaving a widow and collateral heirs; that the explosion and consequent injury occurred April 4, 1900, or more than 12 years after his death; and that the plaintiff was appointed his administratrix on April 16, 1900. As the deceased had no cause of action, none survived his death, and the court necessarily dismissed the complaint in the action brought by his legal representative.

The appellant regards the provision of the Revised Statutes (2 Rev. St. p. 447, § 1) as authority for the maintenance of the action, but that provision applies, of course, only to the survival of an action in favor of or against a deceased person. In Kilburn v. Coe, 48 How. Prac. 144, cited by the appellant, the damages were inflicted in the lifetime of the deceased. Here upon the death of the deceased intestate the title to the real estate vested at once in his heirs, and for any injury thereafter wrongfully occasioned to the property they alone could recover. In Mitchell v. Railway Co., 134 N. Y. 11, 31 N. E. 260, the owner of real estate in the city of New York brought an action at law to recover damages for the permanent depreciation in value of his premises by the operation and maintenance of the elevated road; and, having died before trial, the action was revived in favor of his executors, by whom judgment was recovered for the permanent damages. The will of the deceased was subsequently held to be invalid, and the real estate was sold under judicial proceedings. In an action by the purchaser for an injunction unless permanent damages were paid to him, the court of appeals held that, upon the death of the former owner, the title to the property, with the easements annexed, vested in his heirs; that all damages thereafter accruing belonged to them and their successors in title, and that they could recover the same again, notwithstanding such damages had been erroneously included in the former judgment. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.