(98 App. Div. 590)

## WESTBROOK v. MILLER.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. INTOXICATING LIQUORS—REPEAL OF CIVIL DAMAGE ACT.
    Laws 1857, p. 415, c. 628, § 28, making any person who shall sell spirituous liquors to any of the individuals specified therein liable for all damages sustained by any person in consequence of such sale, was repealed by Laws 1892, p. 824, c. 401.

2. SAME—ACTION FOR DAMAGES.
    Laws 1896, p. 72, c. 112, § 30, making it unlawful to sell or give intoxicating liquors to any person under the age of 18, and section 42,

as amended by Laws 1897, p. 243, c. 312, providing a penalty for a violation of such section do not authorize an action by a parent to recover damages for furnishing liquor to a minor child.

3. SAME—RECOVERY AT COMMON LAW—SUFFICIENCY OF COMPLAINT.

A complaint by a parent alleging that defendant did "unlawfully sell, give to, and permit her son to have and to drink, and carry away in bottles and otherwise, on and from the premises of defendant, intoxicating liquors," etc., is insufficient to show a cause of. action at common law.

Appeal from Trial Term, Tompkins County.

Action by Eliza Westbrook against Joseph Miller. From an order denying defendant's motion on the pleadings to dismiss the complaint, defendant appeals. Reversed.

The plaintiff, in her complaint, alleges that she is the mother of Harry Westbrook, an infant under 18 years of age; that the defendant is a dealer in intoxicating liquors. She further alleges "that, within two years next prior to the commencement of this action, defendant did wrongfully and unlawfully sell to, give to, and permit her said son to have, and to drink and carry away with him in bottles and otherwise, on and from the said premises of defendant, intoxicating liquors, whisky, wine, and beer; that said sales and gifts of said intoxicants to said minor were at different times, including sales and gifts on Sundays, during said period; that said son lived at home during this period, and plaintiff was injured by loss of his services occasioned by said son spending his time and earnings and forming bad habits in and about the defendant's said premises, buying and receiving said intoxicants from defendant, to plaintiff's damage in the sum of one thousand dollars." She also alleges that whatever cause of action the father of said infant may have had against the defendant because of the facts alleged has been duly assigned to her. The defendant's answer is a general denial. On the trial, at the opening of the case, the defendant moved, on the pleadings, to dismiss the complaint upon the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action. The motion was denied, and from the order entered therein this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

David M. Dean, for appellant.
Raymond L. Smith, for respondent.

CHASE, J. The Legislature, in authorizing the recovery of damages in a civil action under the liquor tax law, created a cause of action for the protection of the dependent and helpless which was unknown at the common law. Volans v. Owen, 74 N. Y. 530, 30 Am. Rep. 337; Quinlan v. Welch, 141 N. Y. 158, 36 N. E. 12. The right to maintain such an action cannot be extended beyond the terms of the statute, construed in view of the evil to be remedied and the object to be attained. The complaint in this action does not allege or claim that the plaintiff has suffered damage by reason of the intoxication of her son. The facts stated in the complaint are not sufficient to constitute a cause of action under section 39 of the liquor tax law (chapter 112, p. 79, Laws 1896). We have not had our attention called to any other statute authorizing the recovery of damages in a civil action for selling or giving away intoxicating liquors. Section 28, p. 415, c. 628, of the Laws of 1857, making any· person, who shall sell strong or spirituous liquors or wines to any of the individuals to whom it is declared by the act to be unlawful to make such sale, liable for all damages which may be sustained in consequence· of such sale to any individual sustaining such

injuries (Kilburn v. Coe, 48 How. Prac. 144), was repealed, with the other parts of said act, by chapter 401, p. 824, of the Laws of 1892. There does not seem now to be any similar statutory provision. Section 30 of said liquor tax law prohibits selling or giving away liquors to a person under the age of 18 years. The act provides penalties and criminal punishment for a violation of the prohibitive provisions of the act. By subdivision 2 of section 34 it is provided that any person who shall violate certain provisions of the act, including section 30 thereof, shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not more than $500, or by imprisonment in a county jail or penitentiary for a term not more than one year, or by both such fine and imprisonment, and shall forfeit the liquor tax certificate. By section 42, as amended by Laws 1897, p. 243, c. 312, it is further provided that any person who shall violate certain provisions of the act, including section 30 thereof, in addition to the punishment and penalties in the act otherwise imposed and provided, shall be liable for a penalty of $50 for each and every violation, to be recovered by the State Commissioner of Excise in an action brought in his name as such Commissioner.

The complaint alleges that the defendant did "unlawfully sell to, give to, and permit her said son to have and to drink and carry away with him in bottles and otherwise, on and from said premises of defendant, intoxicating liquors, whisky, wine, and beer." As we have shown, no right of action, except for a penalty as stated, is given by statute for such unlawful sales and gifts. The plaintiff's action is not authorized by statute, and it cannot be maintained by her unless she has sustained an injury recognized by the common law. Loss of services to which a parent is entitled from a child is the basis of a cause of action at common law. Lawyer v. Fritcher, 130 N. Y. 239, 29 N. E. 267, 14 L. R. A. 700, 27 Am. St. Rep. 521. It is not alleged that plaintiff's son was ever intoxicated or ill, or in any way affected so as to interfere with the performance of such services as the plaintiff or his father were entitled to from him. The sales and gifts of liquors are charged as wrongful and unlawful. As plaintiff's son was under 18 years of age, such sales and gifts were wrongful and unlawful as a matter of law. There are no allegations in the complaint that the defendant wrongfully or unlawfully or otherwise requested, solicited, or induced the plaintiff's son to leave his home and spend his time and earnings at the defendant's place of business. The mere fact that a child voluntarily spends some portion of his time at the residence or place of business of another cannot be a sufficient basis for an action by a parent for loss of services and injury to the child's morals. If the defendant by acts or words solicited and enticed the plaintiff's son from his home, and deprived his parents either wholly or partially of his services, or if special circumstances exist which entitle the plaintiff or her husband to damages from the defendant, such acts, words, or special circumstances should have been alleged in her complaint. If the plaintiff's claim rests solely upon the alleged fact that intoxicating liquors were sold to the son contrary to the provisions of the liquor tax law, civil penalties and criminal punishment can be recovered or imposed in the manner provided by the statute.

We have not considered the question as to whether the plaintiff during the lifetime of her. husband is entitled to maintain this action, or the other questions arising herein.

For the reasons stated, the complaint does not state facts sufficient to constitute a cause of action, and the order should be reversed, with $10 costs and disbursements, and the motion to dismiss the plaintiff's complaint granted. All concur.