(84 Misc. Rep. 114)

### WHITE v. WHITE et al.

(Supreme Court, Special Term, Erie County. January, 1914.)

1. WILLS (§ 431*)—REVOCATION OF PROBATE—EFFECT.

Under Code Civ. Proc. § 2653a, authorizing an action to determine the validity or invalidity of the probate of a will to be commenced within two years after probate, but providing that persons within the age of minority may bring such action two years after the disability is removed, a daughter of a testator would enjoy and share the benefit of a judgment setting aside the probate of the will in a suit by a son, though her time to bring such a suit expired before the son's action was commenced.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 920–922; Dec. Dig. § 431.*]

2. APPEARANCE (§ 2*)—RIGHT OF DEFENDANT TO APPEAR.

A person named as a party defendant in an action, and against whom a personal judgment is demanded, has a right to voluntarily appear, though not served with process.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 2–8; Dec. Dig. § 2.*]

3. WILLS (§ 307*)—ACTION TO REVOKE PROBATE—VOLUNTARY DISCONTINUANCE —RIGHT OF DEFENDANT TO OBJECT.

Under the rule that plaintiff has an absolute right to discontinue an action on his own motion, unless there are some peculiar equities or rights of the defendant, such as a counterclaim, making an order of discontinuance improper, in an action to set aside the probate of a will, an order of discontinuance entered on the stipulation of the attorneys for plaintiff and the only defendant who had appeared would not be vacated on motion of a defendant, against whom no personal judgment was demanded, whose time for bringing a similar action for the same relief expired long before the action was commenced, and who was not served with process, though she attempted to voluntarily appear after plaintiff had arranged to discontinue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 734; Dec. Dig. § 307.*]

4. WILLS (§ 307*)—VOLUNTARY DISCONTINUANCE—APPLICATION—NOTICE.

Assuming that a defendant, who had not been served with process, had a right to notice of a motion by plaintiff to discontinue, a motion to vacate the order of discontinuance by her would be denied, where it appeared that, had she been given notice, a discontinuance would have been granted even against her opposition; the hearing on the motion to vacate being treated as her day in court.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 734; Dec. Dig. § 307.*]

Action by Washington White against Mary White, individually and as administratrix, and others. On motion by defendant Densy Hare to vacate an order discontinuing the action. Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert J. Cooper, of Dunkirk, and Theodore B. Green, of Cleveland, Ohio, for the motion.

Richard Hall, of Cherry Creek, and Nelson J. Palmer, of Dunkirk, opposed.

WHEELER, J. John White died in March, 1901, leaving a last will and testament, which was admitted to probate May 17, 1901. The defendant Densy Hare was a daughter of the testator and of the age of 18 years at the time of her father's death. She was duly cited on the probate proceedings, a special guardian appointed for her, and the will duly admitted to probate. Another of the children and heirs at law of the testator was Washington White, the plaintiff in this action.

On the 13th of May, 1912, said Washington White began this action to set aside the probate of the will under the provisions of section 2653a of the Code of Civil Procedure, on the alleged ground that the testator was incompetent to make the will in question.

It will be noted that, by the provisions of section 2653a, an action under this section shall be commenced "within two years after the will or codicil has been admitted to probate, but persons within the age of minority, of unsound mind, imprisoned, or absent from the state, may bring such action within two years after such disability has been removed." Consequently, Washington White was entitled to bring this action within two years after he reached his majority.

[1] It will also be noted that the defendant Densy Hare became of age in November, 1904, and her time in which to bring an action to set aside the probate of her father's will expired in November, 1906. She could not now maintain an independent action of her own for that purpose. She, however, was a necessary party defendant to this action, and was named as such in the summons and complaint. Beyond question, had this action proceeded, and had the plaintiff succeeded in having the will declared null and void, the defendant Densy Hare would have enjoyed and shared the benefit of such a judgment. At the time of the commencement of this action, the defendant Densy Hare was a resident of the state of Ohio. No effort was made by the plaintiff to obtain jurisdiction of her by the service of process upon her. On the 22d day of October, 1913, however, the defendant Densy Hare voluntarily appeared by serving on the plaintiff's attorney a formal notice of appearance through her attorney Robert J. Cooper. On the same day the notice of appearance was returned as not served within time.

The only other appearance by any of the defendants was made by Nelson J. Palmer, as attorney for the defendant Peter White. On October 23, 1913, the plaintiff's attorneys and Mr. Palmer, as attorney for the defendant Peter White, signed a stipulation for a discontinuance of the action; and, upon the presentation of that stipulation, an order of the Special Term of this court was entered dismissing the action. The defendant Densy Hare now moves to vacate said order, and contends that she has the right to insist that the action proceed, and was entitled to notice of the motion for an order of discontinuance.

[2] We need not discuss at this time the question as to whether the defendant Densy Hare had the right to voluntarily appear in this action without being summoned to do so by the plaintiff. If a personal judgment had been demanded against the defendant Densy Hare, then, under the cases, she would have had the right to have voluntarily appeared, having been named as a party defendant. McLoughlin v. Bieber, 26 Misc. Rep. 144, 56 N. Y. Supp. 805; Duer v. Fox, 27 Misc. Rep. 677, 59 N. Y. Supp. 426; Higgins v. Rockwell, 9 N. Y. Super. Ct. 650; Wellington v. Claason, 9 Abb. Prac. 175. Here, however, no personal judgment was asked.

[3] The affidavits disclose that, for a long time prior to her appearance, it had been arranged between the plaintiff and the only other party who had appeared that this action should be discontinued.

It would be going a long way to hold that a party named in an action as defendant, and not served, can compel the plaintiff to proceed and litigate questions where he had determined not to proceed further in the action. He would thus be rendering himself liable for expenses incident to its prosecution against his wishes, and in many cases against his interest. We know of no case going to that extent where no personal demand is made against a party. It is clearly against the repeated decisions of the courts of this state holding that the plaintiff has the right to discontinue actions upon his own motion, and this is an absolute right, unless there are some peculiar equities or rights of the defendant which would render such an order of discontinuance improper. Petition of Butler, 101 N. Y. 307, 4 N. E. 518; Janssen v. Whitlock, 58 App. Div. 367, 68 N. Y. Supp. 1086; Schlegel v. Roman Catholic Ch., 124 App. Div. 502, 108 N. Y. Supp. 955; Telephonine Co. v. Douthitt, 115 App. Div. 362, 100 N. Y. Supp. 781; Walsh v. Walsh, 33 App. Div. 579, 53 N. Y. Supp. 881.

A motion to discontinue is sometimes denied when the defendant has interposed some defense by way of counterclaim, as in actions for divorce, when the defendant seeks affirmative relief by counter-charges. Campbell v. Campbell, 12 Hun, 636; Winans v. Winans, 124 N. Y. 140, 26 N. E. 293; Jermyn v. Searing, 139 App. Div. 116, 123 N. Y. Supp. 832.

In this case, while the defendant Densy Hare would reap the benefit of a successful prosecution of this action to set aside the probate of her father's will, she is in no position to ask on her own behalf affirmatively that the probate be vacated. Her time to bring such an action, or to ask for any such relief, expired more than seven years prior to the commencement of this action. She stands in no position to demand that the action be prosecuted for her benefit. The fact that the plaintiff acts within the statutory time in his own case cannot operate to revive or restore the statutory time in her case. We can conceive of no principle of law or equity which can be invoked to compel the plaintiff to litigate for the benefit of this defendant, when she herself has slept on her rights until the statutory time in which she might seek relief on her own account has long since expired.

[4] Assuming, however, she had the right to appear and to be heard on the motion to discontinue, we may treat this motion for all pur-

poses as giving her her day in court, and, if satisfied that the plaintiff was entitled to discontinue. may make such order as the .rights and equities of the parties require.   I am satisfied that, if the application on which the order asked to be vacated had been upon notice to the attorneys for the defendant Densy Hare, the court would have granted it even against their opposition.

For these reasons we see no reason for vacating said order at this time.   The motion is therefore denied, without costs.

So ordered.