PATSY GENTILALA, an Infant, by MICHAEL GENTILALA, His Guardian ad Litem, Appellant, *v.* FAY TAXICABS, INC., Respondent.

Practice — pleading — defense of another action pending properly pleaded in answer — irregular discontinuance of prior action does not warrant reversal of judgment where case has been tried on the merits and Appellate Division finds no error on the trial and that evidence warrants the verdict.

1. The defense of another action pending for the same cause is properly pleaded in the answer although defendant could have moved upon the complaint and affidavits to dismiss the complaint. (Rules Civ. Pr. 107.)

2. Where the case has been tried out on the merits and a verdict entered in favor of plaintiff, the defense of a prior action pending having been avoided by entry during the trial of an order of the trial judge discontinuing the prior action, the fact that subsequently the trial judge reconsidered his ruling and denied the motion to discontinue, at the same time denying defendant's motion for a new trial, on the erroneous theory that it should have moved under rule 107 for judgment, does not warrant a reversal of the judgment where the Appellate Division has found on review that there was no error on the trial and that the evidence justified the verdict. The irregular discontinuance in no way touches the merits of the case or interferes with any rights of defendant resting in substance as distinguished from the right to orderly procedure.

*Gentilala* v. *Fay Taxicabs, Inc.*, 214 App. Div. 255, reversed.

(Argued October 7, 1926; decided October 19, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 4, 1925, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*Sol Boneparth, David M. Fink* and *Jacquin Frank* for appellant. The orders of May 12, 1924, and of September 9, 1924, which denied plaintiff's application to discontinue the prior action, are not necessary to support plaintiff's judgment. Consequently their reversal does

not impair plaintiff's judgment. And in addition thereto, there being a valid and subsisting order of discontinuance in evidence, plaintiff's judgment in the trial court should stand and be reinstated. (3 Cyc. 460; *Ross* v. *Kernan,* 31 Hun, 164; *Woods* v. *Kernan,* 57 Hun, 215; *Hayden* v. *Florence,* 54 N. Y. 221; *Pach* v. *Gilbert,* 124 N. Y. 612; *King* v. *Harris,* 30 Barb. 471; *Cahill* v. *Lillienthal,* 30 Misc. Rep. 429; *Lerner* v. *Wagner,* 36 Misc. Rep. 833; *Hirsh* v. *Manhattan Railway Co.,* 84 App. Div. 374; *Kramer* v. *Union & New Haven Trust Co.,* 181 N. Y. Supp. 672; *Brody* v. *Madison Lunch, Inc.,* 199 App. Div. 840; *Eagle-Picher Lead Co.* v. *Mansfield,* 203 App. Div. 9; *McKee* v. *Roberts,* 197 App. Div. 842; *Wood* v. *Duff-Gordon,* 222 N. Y. 88.)

*Arthur K. Wing* and *James G. Purdy* for respondent. The defendant properly pleaded and proved a prior action pending and the trial court erred in denying the defendant's motion to dismiss the complaint by reason thereof and the Appellate Division properly reversed the judgment of the trial court. (*Bedell* v. *Powell,* 13 Barb. 183; *Averill* v. *Paterson,* 10 N. Y. 500; *Bowker Fertilizer Co.* v. *Cox,* 106 N. Y. 555; *Swart* v. *Borst,* 17 How. Pr. 69; *Hirsch* v. *Manhattan Railway Co.,* 84 App. Div. 374.)

CRANE, J. We agree fully with what the Appellate Division has stated regarding Civil Practice Rule 107 and section 278 of the Civil Practice Act. We do not think, however, that the attempt of the trial judge to misapply these provisions required as matter of law the reversal of the judgment.

The action, which is one for negligence, was tried out upon the merits and resulted in a verdict for the plaintiff which the Appellate Division has stated was fully justified by the evidence. The error, if it be error, which moved the Appellate Division to grant a new trial was a ruling of the trial judge which had nothing whatever to do

with the merits of the case but related solely to procedure. The defendant had pleaded that another action was pending for the same cause. This defense was properly pleaded in the answer although the defendant could have moved under Civil Practice Rule 1⌒7 upon the complaint and affidavits to dismiss the complaint for this reason. This is fully and correctly explained in the opinion of the Appellate Division.

Levy and Hartman were the attorneys for the plaintiff in the previous action. At the close of the trial of this case there was presented to the trial judge the affidavit of Mr. Levy asking for the discontinuance of the action brought by his firm and an order was thereupon signed by the judge discontinuing the action. The order was then offered in evidence by the plaintiff in this action and was a complete answer to the defense of a prior action pending. (*Porter* v. *Kingsbury,* 77 N. Y. 164, 167.) If the matter had rested here there would have been no difficulty. A party has a right to discontinue an action at any time upon payment of costs where the rights or interests of the adverse party are not affected. (*Matter of Butler,* 101 N. Y. 307.) The question of costs was not raised by the defendant on the application to discontinue, the objection to granting it being based upon a claim of surprise and the demand for the withdrawal of a juror. Taxable costs were awarded to the defendant in the order of discontinuance.

Up to this point, therefore, we have a case tried out on the merits, the defense of a previous action pending having been avoided by the entry of an order during the trial discontinuing that action. At the end of the trial or at the time of the verdict there was no prior action pending; it had been discontinued.

Subsequently the trial judge of his own motion reconsidered his ruling and denied the motion to discontinue the previous action. At the same time he denied the defendant's motion for a new trial on the ground that

it should have moved under Civil Practice Rule 107 for a judgment on the ground that another action was pending. In this the judge was wrong as is fully shown by the Appellate Division opinion. The order entered also stated: " That the plaintiff's motion to dismiss the action brought by Levy & Hartman, Esqs., on behalf of the plaintiff against the defendant is denied." The previous order of discontinuance, however, was not vacated or set aside.

During the trial as above stated the previous action was discontinued by an order duly made and signed. Such was the state of the record at the. time the verdict of the jury was rendered. The Appellate Division has found upon review of all the facts that there was no error in the trial and that the evidence or weight of evidence justified the verdict. Shall this trial be nullified because the previous action may have been improperly discontinued when the plaintiff desired to discontinue it and the defendant has no reason for keeping it alive? So far as the record shows, it is purely a technical objection. Other than a question of costs the defendant could not oppose the discontinuance. What useful purpose can be served in sending this case back for a new trial when the merits have in no way been affected or touched by this procedure? The defendant does not claim that any of its rights have been affected, its sole plea being one of surprise. Assuming that the action of the trial judge was ill-advised and irregular, we cannot see that any harm has been done to the defendant. The previous action was discontinued by order duly made and entered and the subsequent ruling after the trial by the trial judge ought not to affect the verdict. Suppose that the order of discontinuance had been entered at Special Term during or before the trial and introduced in evidence, would the fact that the Special Term later and after the trial vacated the order of discontinuance require the granting of a new trial of the action in which the order

of discontinuance had been introduced in evidence? It might, but only upon a showing that some substantial right of the defendant was involved.

The irregular discontinuance in no way touches the merits of the case or interferes with any of the rights of the defendant, i. e., rights resting in substance as distinguished from the right to orderly procedure. We feel that the verdict of the jury should not have been disturbed by the Appellate Division. The order of the Appellate Division should, therefore, be reversed and the judgment of the Trial Term reinstated, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN. JJ., concur.

Ordered accordingly.