SURVILLA DAILEY and Others, Plaintiffs, v. NORTHERN NEW YORK UTILITIES, INC., Defendant.

Supreme Court, Jefferson County, March 26, 1927.

Dismissal and nonsuit — voluntary — action in equity to enjoin maintenance of dam — counterclaim asking that court assess damages to plaintiffs — discontinuance by plaintiffs denied as matter of discretion after decision and after defendant has acquired new rights — such action does not abate on death of plaintiff (Decedent Estate Law, § 120) — plaintiffs refused to enter judgment — plaintiffs directed to tax costs — motion to discontinue as to one plaintiff, joined in by both attorneys, granted — judgment prepared by defendant's attorney and signed by court, sent to clerk for entry.

In an action to enjoin the defendant from maintaining a dam at its present height, in which the defendant set up in the nature of a counterclaim the fact that it was a public service corporation and was entitled to institute condemnation proceedings, and asked that if it be found that defendant had been guilty of a trespass the court assess all damages accruing to the plaintiffs, a motion by the plaintiffs to discontinue, made after the case has been submitted and the findings signed, should be denied as a matter of discretion.

Moreover, said motion should be denied for the further reason that the defendant has acquired new rights by the commencement of the action and is interested in the continuance of the case.

Under section 120 of the Decedent Estate Law, the death of one of the plaintiffs in such an action does not result in an abatement as to her.

Defendant's motion to discontinue the action as to a deceased plaintiff, upon the theory that her interest being so small, rather than take a chance on its right to have her administrator substituted as a party plaintiff, it is willing to leave that matter in abeyance and answer any subsequent demand of her administrator, should be granted, since both attorneys, with full knowledge of the facts, have joined in the motion.

This case has been submitted to the court for decision and the findings made have been signed, holding that the defendant had been guilty of a continuing trespass but that, under the circumstances, an injunction should not issue unless the defendant should refuse to pay the damages assessed to the plaintiffs, but the latter, being dissatisfied with the amount of damages awarded them, have refused to enter judgment. Under such circumstances, the court will sign the judgment prepared by defendant's attorney and send it to the clerk for entry after the costs have been taxed and the amount thereof inserted in said judgment. It is not necessary to order the plaintiffs' attorney to enter the judgment.

MOTION by defendant to substitute administrator of Survilla Dailey as party plaintiff, and to compel plaintiffs to tax costs and enter judgment.

Counter-motion by plaintiffs for leave to discontinue.

*Fred A. Baldwin,* for the plaintiffs.

*John H. O'Brien,* for the defendant.

EDGCOMB, J. These motions involve an interesting question of practice.

For sometime prior to the commencement of this action, the plaintiffs Mabelle A. Boyce and James S. Boyce were the owners in fee of a small house and lot situated on the Black river in the county of Jefferson in this State. The other plaintiff, Survilla Dailey, had a life estate in the same property.

The defendant, a domestic gas and electric corporation, organized pursuant to the Transportation Corporations Law of the State of New York, maintained a hydraulic electric power plant on the opposite side of the river, the power for which was furnished by water taken from the stream through a hydraulic canal leading from a mill pond and running to the plant.

In 1921 the defendant increased the height of the dam. From that time on, the plaintiffs claim that water found its way periodically into their cellar. Alleging that this condition was caused by the raising of the dam, and that the defendant was guilty of a continuing trespass, which would give rise to a multiplicity of actions, the plaintiffs brought this action in equity to enjoin and restrain the defendant from maintaining the dam at its present height. Defendant put in issue its responsibility for the water in plaintiffs' cellar, and set up, in the nature of a counterclaim, the fact that it was a public service corporation, and was entitled to institute condemnation proceedings, and asked that, if it be found

that the defendant had been guilty of a trespass, the court assess all the damages accruing to the respective plaintiffs, both damages to the fee as well as to the rental value, and thus settle all issues which could arise between the parties in this one action.

The case came on for trial at the Jefferson Equity Term on the 29th day of June, 1925. At the close of the evidence the court, at the invitation of and accompanied by the parties and their attorneys, visited and examined the property in question. The case was closed, and after some delay briefs were submitted. On December 31, 1925, the court handed down its decision, holding that defendant had been guilty of a continuing trespass, but that, under the circumstances, an injunction should not issue unless the defendant should refuse to pay the rental and fee damages which the court assessed. The rule laid down in *Shaw* v. *Rochester, Syracuse & Eastern R. R. Co.* (131 App. Div. 528) was followed, the theory being that a court of equity, having jurisdiction of all the parties, should do equity, and settle in one action all damages accruing to the plaintiffs, both fee and rental damages, and not force the defendant to institute an expensive condemnation proceeding as a condition to the maintenance of its dam at its present level. The fee damage was fixed at the sum of two hundred and fifty dollars, and the loss in rental value at the sum of ten dollars per year. Certain personal property was injured, and that damage was determined to be ten dollars.

Apparently the plaintiffs were very much dissatisfied with the amount of damages awarded them, and they chose to let the matter rest and to make no move to enter the judgment to which it was found they were entitled. After waiting a reasonable length of time for the plaintiffs to move, the defendant, which had acquired certain rights by this decision, prepared findings in accordance with the decision and noticed the same for settlement on June 15, 1926, five and one-half months after the decision had been rendered, at which time the findings were signed over the objection of plaintiffs' attorney.

Mrs. Dailey, the life tenant, died on the 6th day of May, 1926, after the decision had been handed down, but before any findings had been signed. No administrator of her estate was appointed, and no move was made by the plaintiffs looking to that end. Eventually the defendant instituted proceedings for this purpose, and after much delay and over the objection of plaintiffs' attorney, Mabelle A. Boyce was appointed administrator of her mother's estate. She has never moved to be substituted as a party plaintiff in the place of the decedent.

Plaintiffs were awarded costs. Nevertheless, their attorney has

persistently neglected and refused to tax the same. The defendant's attorney finally prepared a bill of costs, and gave plaintiffs' attorney notice of taxation thereof. Upon the return day of said notice, plaintiffs' attorney appeared and objected to defendant taxing such costs, and they were not taxed.

The whole attitude of the plaintiffs has been one of inaction and refusal to do anything to carry out the decision of the court, and to block every move on the part of the defendant to bring the decision to a judgment. Plaintiffs have preferred to become obstructionists, instead of proceeding in an orderly way and perfecting the judgment, and then appealing and thus rectify any error committed by the court below, if one was committed.

Defendant makes this motion, and asks for an order substituting Mabelle A. Boyce, as administrator of the goods, chattels and credits of Survilla Dailey, as a party plaintiff in the place of Mrs. Dailey, and to have the judgment, which was drawn by the defendant in accordance with the decision and presented in connection with this motion, signed by the court and ordered entered, and for such other and further relief as to the court might seem just and proper. The plaintiffs not only oppose this motion, but ask (1) to have the court now materially increase the fee and rental damages awarded the plaintiffs, as well as the damage to the personal property; (2) if this be not done, that they be allowed to discontinue the action. A decision of plaintiffs' counter-motion should, therefore, be determined first, because if that be granted there is no necessity of deciding the defendant's motion.

We may dismiss without comment the request to increase the damages fixed in the decision. The request to discontinue demands more careful attention.

As a general proposition, a plaintiff has a legal right to submit to a nonsuit or to discontinue an action commenced by him upon payment of costs, and his reasons for so doing are no concern of the court. (*Gentilala* v. *Fay Taxicabs, Inc.*, 243 N. Y. 397; *Matter of Butler*, 101 id. 307.)

In the eyes of the law, taxable costs are supposed to be sufficient to pay a defendant for the expense to which he is put by reason of the bringing of an action. Such theory, under present conditions, is a fiction rather than a fact. Notwithstanding the time of the court which is wasted by the commencement and subsequent withdrawal of a case, with the right to the plaintiff to sue over again, and the expense which actually accrues to the defendant by reason of being called upon to defend an action, and which is not compensated by the taxable costs, to say nothing of the inconvenience, this rule has become so firmly

imbedded in the law of this State that it must be accepted and respected.

There comes a stage in the conduct of every case, however, when this procedure is not allowable. In this State there is no statute governing plaintiff's right to submit to a nonsuit or discontinue an action in the Supreme Court. There are cases holding that the right to discontinue exists up to and even during the trial of the action, but I have been unable to find any decision which grants that privilege to a plaintiff after the action has been submitted to the trier of the facts. In *Clearwater* v. *Decker* (13 Hun, 63) it was held that after the evidence in a case had been agreed upon and submitted to the court trying the same, a discontinuance of the action should not be allowed. There are numerous cases in other States holding that the plaintiff could not submit to a nonsuit as a matter of right after the trial was commenced. Those decisions, however, are not necessarily controlling here, because in many States the right to discontinue is fixed by statute. The rule laid down in the *Clearwater* case does not appear to have been questioned and should be followed here. Any other regulation would permit a plaintiff to harass his opponent, and prevent a termination of litigation. If a party be permitted to discontinue his action after it has been submitted to the court or a jury, but before the verdict has been actually rendered or the findings signed, it would open the door to wholesale applications of such nature by the defeated party, who, in every case tried before the court without a jury and in many jury cases, knows what the result is before the formal decision is entered, and the practical result would be the withdrawal of the case from one judge and a retrial before another in the hope of better luck before the latter. If this were to be permitted, there would be no end to litigation, and the efforts of the courts to keep abreast of the present congested calendars might as well be abandoned. I have no hesitancy in saying that the rule permitting a plaintiff to discontinue his action or submit to a nonsuit as a matter of right is not availing after the submission of the case to the trier of the facts. Here, however, the decision has actually been made, because the findings have been signed. This application is made too late.

Plaintiffs' counter-motion should be denied for another reason. The rule is well settled that where a defendant has acquired new rights by the commencement of an action, rights which did not exist when the action was begun, and has demanded affirmative relief, and put in issue his right thereto, and is, therefore, interested in the continuance of the case, a plaintiff is not entitled to withdraw as a matter of right. Under such circumstances, it rests in

the sound discretion of the court whether or not such privilege be accorded a plaintiff. (*Matter of Lasak,* 131 N. Y 624; *Matter of Waverly Water-Works Co.,* 85 id. 478; *Carleton* v. *Darcy,* 75 id. 375; *Janssen* v. *Whitlock,* 58 App. Div. 367; *Iselin* v. *Smith,* 62 Hun, 221; *Van Alen* v. *Schermerhorn,* 14 How. Pr. 287; *Fizburg* v. *Ramsey,* 49 Misc. 216.)

Were this case to be discontinued at the present time, the defendant would not be left in the same position it was in before the the action was commenced. When brought into court, the defendant sought affirmative relief, in the nature of a counterclaim. It asked to be permitted to maintain its dam at its present level upon paying to the plaintiffs all damages which the court found they sustained by reason of the raising of the dam. Defendant has become an actor in this litigation. It has been awarded the relief it sought. It is vitally interested in continuing the action. It has as much right as the plaintiffs to ask for a discontinuance at this time.

I have no hesitancy in denying plaintiffs the right to discontinue as a matter of discretion. The case has gone too far, and the rights of others are too much involved to permit any such action. Besides, the attitude of the plaintiffs since the decision, over a year ago, is not such as appeals to the discretion of any court.

This brings us to a decision of defendant's motion. In its notice, defendant asks to substitute the administrator of Mrs. Dailey as a party plaintiff in her place and stead. Plaintiffs oppose such relief and insist that the action abated as to her upon her death. That is not so. Section 120 of the Decedent Estate Law (as added by Laws of 1909, chap. 240) provides that an action brought to recover for wrongs done to the property, rights or interests of another may be maintained after his death by his executors or administrators against the wrongdoer. The provisions of this statute apply to a cause of action for damages to real property arising in favor of a deceased person during his lifetime. (*Reilly* v. *Erie R. R. Co.,* 63 App. Div. 415.) It is not sought here to recover for any damages to the rental value of the property subsequent to the death of the life tenant. Her interest in the property terminated at her death. Her administrator is entitled to judgment for such damages as she sustained to her interest in this property during her lifetime. Such cause of action survives her death.

This provision of the statute applies to actions in equity as well as suits at law. (*Pierson* v. *Morgan,* 17 Civ. Pro. 124; reported, without opinion, 52 Hun, 611; affd., *sub nom. Mason* v. *Morgan,* 121 N. Y. 705.)

In defendant's supplemental brief, however, it asks to dis-

continue the action so far as Mrs. Dailey is concerned, upon the theory that, her interest being so small, rather than take a chance on its right to have her administrator substituted as a party plaintiff, it is willing to leave that matter in abeyance, and answer any subsequent demand of her administrator. While I am in favor of terminating this litigation so far as possible, and not taking the time of another court to try a part of this action the second time, nevertheless I believe that where both attorneys, with full knowledge of the facts, ask to discontinue the action, I ought to permit them to do so.

Defendant insists that judgment be entered in accordance with the decision, and asks the aid of the court to bring about that result. Plaintiffs do not want this done, and refuse to move.

It is the duty of the clerk to enter judgment. He may prepare it himself, or adopt the form presented by the attorney for the successful party. (*Clapp* v. *Hawley*, 97 N. Y. 610.) As a matter of practice it is prepared by the attorney for the successful party and submitted to the clerk for his signature. That official is too busy to actually draw or supervise the preparation of the numerous judgments entered in his office. It was held by Mr. Justice DIKE in *McWilliams, Inc.,* v. *Ætna Insurance Co.* (120 Misc. 117) that, where a successful party had failed and neglected to prepare and submit to the clerk a judgment for entry, that being a necessary step in the orderly progress of the action, he could be compelled so to do.

In the instant case, however, I do not think that it is necessary to go to the extent of ordering plaintiffs' attorney to enter this judgment. I have signed the findings, and they may be filed in the clerk's office by either party. Rule 198 of the Rules of Civil Practice provides that judgment may be entered by the clerk on filing the decision of the court on the trial of the whole issue of fact without a jury as directed therein. A judgment in accordance with the decision has been prepared by defendant's attorney and submitted to me. This being a final judgment it is not absolutely necessary that it be signed by the court. It is the practice of the court, however, to sign all judgments in equity actions. The signature of the judge relieves the clerk from examining the judgment presented to him for his signature with the decision of the court to see if it complies with the latter. The only objection to signing the judgment at this time and sending it to the clerk for entry is the fact that the plaintiffs' costs have not been taxed. This should be done, and the amount inserted in the judgment before it is signed and entered. I gave the plaintiffs costs. Had I realized that they would take the position which they have and

would refuse to take any action under the decision, I would never have granted them costs. However, having made that decision I will let it stand. I have the power to direct the plaintiffs to tax their costs. (*McWilliams, Inc.*, v. *Ætna Insurance Co.*, *supra*.) Plaintiffs are ordered, within ten days from the date of the entry of this order and service upon their attorney of a copy thereof, to prepare and present to the clerk for taxation their bill of costs, and to give the defendant notice of retaxation. After the costs have been taxed, I will insert the amount in the judgment which has been presented to me, and will sign that judgment and send it to the clerk for entry. Plaintiffs are also ordered to file their complaint and copy of defendant's answer in the Jefferson county clerk's office, so that the clerk may make up the judgment roll. Ten dollars costs of this motion are allowed the defendant.