SCHERING & GLATZ, INC., Appellant, *v.* AMERICAN PHARMACEUTICAL Co., INC., and Another, Respondents.

First Department, January 15, 1932.

*Fritz v. Briesen* of counsel [*Briesen & Schrenk,* attorneys], for the appellant.

*Albert T. Scharps* of counsel [*Louis Barnett,* attorney], for the respondents.

MARTIN, J. This appeal is limited to that portion of the order which requires the payment of $500 as a condition for permitting plaintiff to discontinue an equity action to restrain the infringement of an alleged common-law trade-mark of the word " Atophan," and for damages and an accounting of profits.

The plaintiff's counsel says he caused an investigation to be made from which he reached the conclusion that the defendants had ceased their infringement of plaintiff's patent. He then decided not to press this suit. Thereafter the plaintiff's attorney was shown specimens of products of defendant American Pharmaceutical Co., Inc., showing that the infringement had been resumed by said company, but with labels " which are different from those used by such defendant prior to the commencement of the suit." The plaintiff's counsel thereupon advised plaintiff to file a new suit against the defendants for this new and different infringement and to discontinue the pending action. A motion

was then made by plaintiff for an order directing that this action be discontinued upon payment by plaintiff of costs to date. On the argument of the motion the defendants presented to the court affidavits of defendant Philip Kachurin and one Louis Barnett, defendants' attorney, to the effect that the defendant American Pharmaceutical Co., Inc., had been caused great expense in preparing to defend this action. The court at Special Term granted the motion to discontinue on payment of costs and $500 as disbursements.

Ordinarily a person has a right to discontinue an action at any time. The Court of Appeals in *Gentilala* v. *Fay Taxicabs, Inc.* (243 N. Y. 397) said: " A party has a right to discontinue an action at any time upon payment of costs where the rights or interests of the adverse party are not affected. (*Matter of Butler*, 101 N. Y. 307.) "

We realize there are exceptions to the rule. Where a party has been caused great expense in preparing for trial, the action may not be discontinued simply to avoid liability for such disbursements. When the plaintiff is without a meritorious case, it is within the power of the court to compel the payment of additional costs and disbursements.

In a case of this character, however, where the party is discontinuing because the alleged infringement was discontinued or where the sole purpose of discontinuance is to avoid the delay incident to filing a supplemental complaint, the imposition of additional costs is not proper.

The plaintiff alleges that the reason for the discontinuance is to bring an action on what it believes to be a new infringement and not for the purpose of annoying a party to the litigation. When the plaintiff learned of the new or additional infringement, his attorney says he was compelled to decide between serving a supplemental complaint or discontinuing the action. To obtain permission to serve an amended or supplemental complaint, an application to the court would have been necessary.

The imposition of additional costs in most cases grows out of the fact that the discontinuance is for some ulterior purpose and not, as in this case, to permit the plaintiff to prosecute its case more directly and advantageously.

The appellant says that if it were to attempt to amend its complaint, it would most likely be met by several procedural motions, all of which would jeopardize the plaintiff's rights or make the litigation more expensive; that it would not only delay its progress but might ultimately result in the plaintiff being compelled to bring a new action. Under these circumstances, we

think the plaintiff had a right to discontinue on the payment of costs and without the imposition of any additional terms.

The order should, therefore, be modified by striking out the provision for payment of $500, and as so modified affirmed, with ten dollars costs and disbursements to appellant.

MERRELL and McAVOY, JJ., concur; FINCH, P. J., and SHERMAN, J., dissent.

SHERMAN, J. (dissenting). This suit in equity had been pending for nearly three years when plaintiff moved for leave to discontinue it. The complaint charged infringement of plaintiff's trade-mark "Atophan" and averred that defendants had deceived the public and thereby achieved profits from the sale of that drug. It asked injunctive relief and large damages.

The amended answer in its present form was interposed in May, 1929. Motions were made attacking the sufficiency of some of its defenses. In its present form it carries no less than thirteen separate and distinct affirmative defenses. In lieu of defendants' examination before trial, a statement of the material facts of the complaint in issue, signed by defendants, was delivered to plaintiff's attorneys more than two years ago. In order to plead these affirmative defenses and to prepare for their establishment at trial, defendants were compelled to expend large sums of money for counsel fees and investigations, involving searches in the Patent Office at Washington, the acts and records of the Alien Property Custodian in the seizure and later transfer of alien property, and many intricate questions in the field of chemistry and pharmacology.

Plaintiff does not deny the statements in defendants' affidavit as to the oppressive character of this litigation. It assigns as the sole reason for a present discontinuance its intention to institute a new action because defendants are said to use a different label from the one in use when this action was started. There is no dispute, however, that such label contains the mark "Atophan," and the one is consequently as offensive to plaintiff as the other. Defendants are thus to be harassed by another suit. No adequate reason is given why plaintiff on its own statement should not seek leave to plead again herein.

Plaintiff's motion addressed to the favor of the court was granted upon condition that $500 be paid defendants, instead of ten dollars costs. Plaintiff has appealed from so much of the order as imposes that condition.

The determination of terms lay in the sound discretion of the Special Term. Where litigation of importance is started, the conduct of which necessarily imposes large expense upon the parties

sued, it is but right that a reasonable part of such expense should be borne by the unsuccessful plaintiff which started the suit, which it is unwilling to try in court and now wishes leave of court to abandon. This discontinuance may save plaintiff from the trade consequence of defeat in this action. It appears that defendants' customers have been advised of its pendency and threatened with like suit by plaintiff. A discontinuance, as contrasted with a possible dismissal of the complaint, may under the circumstances be of no slight advantage to plaintiff.

The power of the Special Term to fix reasonable conditions upon which an order of discontinuance may be entered is undoubted. (*Matter of Waverly Water Works Co.*, 85 N. Y. 479, 482; *Kruger* v. *Persons*, 52 App. Div. 50; *Willetts* v. *Browning*, 198 id. 551; *Jermyn* v. *Searing*, 139 id. 116.)

The order appealed from should be affirmed, with ten dollars costs and disbursements to respondent.

FINCH, P. J., concurs.

Order so far as appealed from modified by striking out the provision for payment of $500, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.