■ ALAN M. ROSENBERG, an Infant by LEO ROSENBERG, His Guardian ad Litem, et al., Appellants, v. 3130 GRAND CONCOURSE, INC., Respondent.— Order, entered April 30, 1964, denying plaintiffs' motion to restore the case to the Trial Calendar, unanimously affirmed, without costs or disbursements to either party, without prejudice, however, to plaintiffs' entering an order discontinuing the action upon payment of taxable costs. The record shows that when the application by plaintiffs' attorney for an adjournment of the trial was denied, the attorney moved to discontinue the case, without costs. Counsel for defendant consented to a discontinuance, with costs. The Trial Judge ultimately concluded to allow a discontinuance upon payment of costs but also ruled that if the costs were not paid within 10 days, the case would be dismissed with prejudice. Under CPLR 3217 (subd. [b]) the action could have been discontinued upon an order of the court upon such terms and conditions as the court deemed proper. As a general rule, a party may discontinue an action at any time on payment of costs where rights or interests of an adverse party are not affected. (*Gentilala* v. *Fay Taxicabs*, 243 N. Y. 397; *Granoff* v. *Henry Prods. Co.*, 279 App. Div. 747.) As indicated, the record demonstrates that the motion for discontinuance was granted, and since defendant's counsel consented to the discontinuance, with costs, it must be inferred that no substantial rights of the defendant had accrued which warranted the imposition of any terms other than the payment of costs. If plaintiffs felt aggrieved by the additional direction that the action would be dismissed with prejudice upon nonpayment of costs, an order should have been entered and plaintiff should have appealed from that part of the order which contained the objectionable conditions. However, the failure to enter an order was a mere irregularity which did not render the disposition of the motion to discontinue invalid. The action must be deemed discontinued. Hence, plaintiff's motion to restore the case to the calendar was properly denied since there was no action pending to restore. By the same token, in granting the discontinuance, the Trial Justice could not properly impose the condition of a dismissal of an action which was no longer pending. The power to impose reasonable terms as a condition for allowing a discontinuance did not include power summarily to direct a dismissal of the action on account of failure to comply with the terms imposed. The payment of costs could be enforced as any other judgment. (See CPLR 5101.) Under the circumstances, the affirmance herein will be without prejudice to the entry of an order by plaintiffs permitting discontinuance of the action, without prejudice, upon payment of taxable costs. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.