HARRY GORDON, Appellant, *v.* IRVING BANK-COLUMBIA TRUST COMPANY and Another, Respondents.

First Department, July 2, 1924.

**Pleadings** — dismissal of complaint under Rules of Civil Practice, rule 107 on ground that another action is pending — motion must be made within twenty days after service of complaint — abatement — another action pending — action against bank by assignee of seller of goods based on delivery of documents without payment — said action is not barred by fact that another action is pending between buyer and seller in which seller has interposed counterclaim for balance of purchase price — complaint should not be dismissed only as to buyer who intervened.

A motion under rule 107 of the Rules of Civil Practice for a dismissal of the complaint on the ground that another action is pending for the same cause and that the plaintiff has not legal capacity to sue because he.is not the real party in interest, must be made within twenty days after the service of the complaint.

This action which was brought by the plaintiff as assignee of the seller of goods and is based on the delivery by the defendant bank of documents of title to the buyer without the payment of the balance of the purchase price due, is not barred by the pendency of another action by the buyer against the seller, in which the seller has interposed a counterclaim for the balance of the purchase price, since this action is for an alleged tortious act on the part of the bank and, even though the seller should recover the balance of the purchase price, a recovery might still be had against the bank by reason of its alleged wrongful dealings with the documents of title.

It was error to dismiss the complaint in this action as to the buyer who, at the request of the defendant bank, had intervened, since the motion of the buyer for a dismissal of the complaint was directed to the dismissal of the complaint as to both of the defendants jointly, and furthermore, it has been heretofore held on another appeal that the buyer was entitled to intervene and have a trial of the issues raised by its answer in this action.

APPEAL by the plaintiff, Harry Gordon, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1924, as grants the motion of the

defendant Irving Bank-Columbia Trust Company to dismiss the complaint as to it.

*George W. Phillips, Jr.,* for the appellant.

*Woodward, Dennis & Buhler [Joseph S. Buhler* of counsel]. for the respondent Irving Bank-Columbia Trust Company.

*John Goodrum Miller,* for the respondent C. K. Williams & Co.

FINCH, J.:

The complaint alleges that Jose M. Cuadras sold to the defendant Williams & Co. certain iron ore. To pay for the same, Williams & Co. opened with the Irving National Bank, which later became the defendant bank, a letter of credit, to be paid sixty per cent on delivery of the documents of title by the vendor to the bank, and forty per cent upon arrival of the merchandise and examination thereof by the vendee and the delivery to the vendee of the documents of title. Said sixty per cent, amounting to $12,600, was paid by the bank to Cuadras upon the receipt of the documents. Subsequently, however, Williams & Co. obtained the documents of title from the bank without payment of the balance of forty per cent, or $8,400, procured the delivery of the goods, and has refused to pay the balance of the purchase price upon the ground that the goods failed to conform to the contract requirements. It claims a lien upon said goods for the aforesaid payment of $12,600, and on February 19, 1923, commenced an action against Cuadras to recover said amount. The plaintiff obtained from Cuadras by assignment, acknowledged February 16, 1923, his claim against the bank by reason of the misdelivery by the bank of the document of title without payment of the purchase price in accordance with the terms of the irrevocable letter of credit. On March 8, 1923, plaintiff commenced this action against the bank to recover $8,400, alleging the same to be due by virtue of the aforesaid alleged wrongful appropriation of the documents of title by the bank and the delivery thereof to the vendee in violation of the bank's obligation not to deliver the said documents until the payment of the balance of the purchase price. On May 18, 1923, in answering the action against him by Williams & Co., Cuadras interposed a counterclaim for the balance of $8,400 claimed to be due from Williams & Co. on account of the purchase price of the ore.

The defendant bank notified Williams & Co. to come in and defend, and the latter secured an order permitting it to become a party defendant, over the objection of the plaintiff, who appealed from that order to this court where the order was affirmed (207 App. Div. 804). Subsequently each of the defendants moved under

rule 107 of the Rules of Civil Practice for a dismissal of the complaint, the bank upon the ground that " another action is pending between one Jose Cuadras and the defendant C. K. Williams & Co. for the same cause, and for the further reason that the plaintiff has not legal capacity to sue because he is not the real party in interest; " the defendant Williams & Co., upon the ground that another action is pending between the same parties for the same cause, and that the plaintiff has not legal capacity to sue because he is not the real party in interest.

In so far as the defendant bank is concerned, its motion was not timely in that the motion was not made within twenty days of the service of the complaint, as is expressly provided by rule 107 of the Rules of Civil Practice.

Considered upon the merits, however, it was error to dismiss the complaint. The plaintiff holds an absolute assignment of the claim and hence is entitled to maintain an action thereon. (*Hoppe* v. *Russo-Asiatic Bank*, 200 App. Div. 460.) The claim against the bank is for an alleged tortious act, whereas the claims against Williams & Co., set up by way of counterclaim, as aforesaid, are claims in contract for the balance of the purchase price due on the ore and for a conversion of the documents and ore after the wrongful delivery of the documents by the bank. Even though a recovery were had against Williams & Co. for the balance due on the ore, or even against Williams & Co. upon the theory of conversion, a recovery might still be had against the bank for any damages sustained by reason of its alleged wrongful dealing with the documents of title, such as, for instance, the cost of recovering the said balance. While the amount demanded in the action against the bank is the same as the balance claimed by plaintiff's assignor from Williams & Co. and may not represent the amount of damages suffered, yet the amount is not controlling if otherwise the complaint states a cause of action. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199.)

The plaintiff consented to the dismissal of the complaint as to the defendant C. K. Williams & Co., and appeals only from so much of the order as dismisses the complaint as to the defendant bank. Williams & Co. now urges that it be allowed to remain as a party defendant even though the order should be reversed, which the plaintiff opposes. It is clear that the motion of Williams & Co. was directed to the dismissal of the complaint as to both defendants jointly, and did not contemplate a dismissal as to itself individually. This is shown by the form of the notice of motion, which refers to " any cause of action which might arise against the defendants." The motions came on for argument contemporane-

ously, were argued and decided as one motion, and a single order entered. This court heretofore has held that Williams & Co. was entitled to intervene and to have a trial of the issues raised by its answer. It is clear, therefore, that to affirm the order as to the defendant Williams & Co. would be to permit the plaintiff to acquiesce in a motion which was never intended as a separate motion.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs.