PATSY GENTILALA, an Infant under Fourteen Years of Age, by MICHAEL GENTILALA, His Guardian ad Litem, Respondent, *v.* FAY TAXICABS, INC., Appellant.

First Department, October 30, 1925.

Pleadings — action for personal injuries — prior action pending not shown in complaint — defendant not required by Rules of Civil Practice, rule 107, to move for judgment before trial — defect not waived under Civil Practice Act, § 278, by failure to move before trial — plea of former action pending may be avoided by showing at trial that prior action has been discontinued — discontinuance after question raised on trial is effective — error to deny motion made at trial of this action to discontinue prior action.

In an action to recover damages for personal injuries, the defendant does not waive his right under section 278 of the Civil Practice Act to raise the question of a prior action pending between the same parties for the same cause by failing to move for judgment prior to the trial under rule 107 of the Rules of Civil Practice. He may move under rule 107 for a defect not appearing on

the face of the complaint, provided the motion is made within twenty days after the service of the complaint, but he is not required to make the motion but may raise the question on the trial.

The plea of a former action pending may be avoided by showing at the trial that the prior action has been discontinued and even though the discontinuance did not take place until after the trial is commenced, it is still effective to avoid the plea.

It was error for the court to deny the motion to discontinue the prior action, made in this case after the objection was raised that a prior action was pending.

APPEAL by the defendant, Fay Taxicabs, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of May, 1924, upon the verdict of a jury for $8,000; also from an order entered in said clerk's office on the 12th day of May, 1924, denying defendant's motion to dismiss the complaint on the ground of a prior action pending and denying its motion to withdraw a juror and declare a mistrial, and denying also its motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 10th day of September, 1924, again denying the aforesaid motions upon a reargument.

*Wing & Wing* [*James G. Purdy* of counsel; *Arthur K. Wing* with him on the brief], for the appellant.

*David M. Fink* and *Jacquin Frank* [*Sol. Boneparth* of counsel], for the respondent.

FINCH, J.:

This is an action for damages for personal injuries, brought on behalf of an infant who was struck by a taxicab owned by the defendant.

The issues of fact arising have been submitted to a jury, and no sufficient reason is presented for disturbing their verdict thereon. There is, however, presented as an additional ground of appeal a question of law which requires the reversal of the judgment.

The facts, in so far as necessary to determine this question of law, are, briefly, as follows: The defendant in its answer by way of defense alleged that there was another action pending between the same parties upon the same cause of action. The case was duly noticed for trial, and upon the trial the facts showed that an action had previously been commenced by a firm of attorneys other than those representing the plaintiff in this action. The defendant moved for judgment on that ground. The attorneys for the plaintiff in the other pending action then moved, during the trial and in this action, to discontinue the other action, and that motion was granted. After the verdict, however, the court

reopened the proceedings, stating: " Upon my own motion, I reopen the proceedings and deny plaintiff's application to discontinue the action brought by Hartman & Levy in behalf of Patsy Gentilala, an infant plaintiff, v. Fay Taxicabs, Inc. The motion of defendant to dismiss the complaint because of the existence of a prior action and defendant's motion to withdraw a juror and declare a mistrial are denied. As defendant never moved against the complaint on Civil Practice Rule 107, he is now by section 278 of the Civil Practice Act, held to have waived his objection that another action was pending between the parties for the cause."

In thus holding that rule 107 was mandatory, the learned trial justice was in error. Under rules 107 and 110 of the Rules of Civil Practice, a party desiring to attack a pleading by way of a dilatory plea because of a defect not appearing upon the face of the pleading, may do so upon motion and have the issue determined in advance of the trial, provided the motion if directed against a complaint is made within twenty days after the service thereof, and if directed against an answer, within ten days after the service thereof. But the aforesaid rules do not compel such a motion to be made in advance of the trial, and a party by failing so to move does not lose his right to take advantage at the trial of a defect not appearing on the face of the pleading if set up by way of defense as a bar to the action. It is only where certain defects, specified in rules 106 and 109 of the Rules of Civil Practice, appear on the face of the pleadings, that a party must take advantage thereof by motion in advance of the trial, or such defects are waived under the provisions of section 278 of the Civil Practice Act. This section by its terms clearly is limited to objections which appear on the face of a pleading. It reads: " Certain objections; when waived. An objection on either of the following grounds, appearing on the face of a pleading, is waived unless taken by motion:   *   *   *."

In other words, certain defects, chiefly consisting of the so-called dilatory pleas, which, prior to the Civil Practice Act, could be taken advantage of by demurrer, must now be so taken by motion in advance of the trial, or they are waived. Also, like defects not appearing on the face of the pleading may now be taken advantage of by motion as well as by answer.

In the case at bar the defect of a prior action pending did not appear upon the face of the complaint and, therefore, the defendant had the right to take advantage of this defect by way of defense in its answer and to prove the fact and move for judgment on the trial.

It is well settled that a party may discontinue an action at any time upon payment of costs, except where injustice might thereby result to the other side, as, for instance, where a counterclaim has been interposed. As was said by Mr. Justice PAGE in *Stevenson v. Diamond Fuel Co., Inc.* (198 App. Div. 345): " It is well settled that ' ordinarily a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance.' (*Matter of Butler*, 101 N. Y. 307, 309.) "

When, however, a plaintiff commenced an action while another action was pending against the same defendant for the same cause, and the defendant pleaded in bar the pendency of the former action, it used to be the rule of law that the plea in bar was unaffected by a subsequent discontinuance of the former action. This because the commencement of the second action was deemed vexatious, and the plaintiff accordingly was penalized. This rule, however, has been so relaxed that now a plea of a former action pending may be avoided by showing at the trial that the former action has been discontinued even subsequent to the joinder of issue. As was said in *Porter* v. *Kingsbury* (77 N. Y. 164, 167): " The plea of a former suit pending between the parties for the same thing, was allowed, to prevent vexatious and oppressive suits, and if sustained, the second writ abated, and judgment passed for the defendant. It was, however, a plea which in its nature related to the facts existing at the commencement of the action in which the plea was interposed. The question was whether at the time of suing out the second writ, there was a writ in being, and it was formerly held to be no answer to the plea that the first suit was ended, when the plea was put in, and the reason given is, that if there was a suit in being at the time of suing out the second writ, it was plain that the second was vexatious, and ill *ab initio.*   *   *   *

" In this State the rule is settled that a discontinuance of the first suit after the commencement of the second suit may be shown in answer to the plea, and in this respect the stringency of the ancient rule has been relaxed."

The defendant relies upon *Bowker Fertilizer Co.* v. *Cox* (106 N. Y. 555) as holding that a plaintiff may not take advantage of an order of discontinuance. That case, however, involved the doctrine of an election of remedies, and for this reason is not the authority contended for by the defendant.

Since, as above shown, a discontinuance of the former action may be proved at the trial in avoidance of the plea in bar, there is no good reason why a motion for such discontinuance should not have been brought on at Special Term even during the course of the trial and an order of discontinuance obtained if it could be done without substantial prejudice to the rights of the defendant. That this may be done is indicated by the case of *Hirsh* v. *Manhattan Railway Co.* (84 App. Div. 374). There the defendant urged on the appeal that the defense of a former action pending had been erroneously overruled. Mr. Justice HATCH, referring to said former action, said: " If it had been discontinued at any time before the trial was finished, or at its conclusion, it would be a complete answer to the plea."

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.