GEORGE THURMAN, Appellant, v. B. & E. GORDON COMPANY, INC., Respondent.

First Department, January 15, 1926.

Pleadings — motion to dismiss complaint on ground of another action pending — objection does not appear on face of complaint — Civil Practice Act, § 278, and Rules of Civil Practice, rule 106, not applicable — motion must be made under Rules of Civil Practice, rule 107, and Civil Practice Act, § 164, within twenty-three days after complaint is served by mail.

A motion to dismiss a complaint on the ground of another action pending does not come within section 278 of the Civil Practice Act and rule 106 of the Rules of Civil Practice where the objection does not appear upon the face of the complaint.

Such a motion is governed by rule 107 of the Rules of Civil Practice, and where the complaint is served by mail, the motion must be made as provided by said rule and section 164 of the Civil Practice Act within twenty-three days after the complaint is served.

APPEAL by the plaintiff, George Thurman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of September, 1925, granting defendant's motion to dismiss the complaint on the ground that another action is pending.

*William A. Schacht,* for the appellant.

*Reed, Jenkins, Dimmick & Finnegan [William B. Shelton* of counsel], for the respondent.

MERRELL, J. It appears from the moving affidavit herein that this action was brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by him on the 3d day of July, 1925, through the alleged negligence and carelessness of the defendant, its agents and servants, in maintaining a certain open coal hole in the sidewalk in front of the premises 245 West Sixty-sixth street, borough of Manhattan, city of New York, alleged to have been owned and controlled by the defendant on the said date. The present action was commenced by the service of the summons on July 8, 1925. The defendant duly appeared

herein and a copy of the plaintiff's complaint was served by mail on July 23, 1925. The time for the defendant to answer the complaint was twice extended by written stipulation given by the attorney for the plaintiff. The first extension was dated August 14, 1925, and defendant's time to answer was extended to and including the 25th day of August, 1925. On the said last-mentioned date, by stipulation in writing also signed by the attorney for the plaintiff herein, defendant's time to answer the complaint was further extended to and including the 5th day of September, 1925. It appears from the moving affidavit that on July 7, 1925, the plaintiff herein commenced an action against the defendant for the same cause of action by the service on that day of a summons and complaint; that issue was joined in said action by the service of the defendant's answer on or about July 22, 1925. In the last-mentioned action the plaintiff was represented by another attorney, one J. Arthur Seidman, of 206 Broadway, New York city. Copies of the complaints in both the present action and in the prior action are annexed to the moving affidavit and made a part of the moving papers. It clearly appears therefrom that two actions are pending against the defendant in behalf of the plaintiff for the same cause of action.

The notice of motion upon which the order appealed from was granted states that the motion is for an order pursuant to section 278 of the Civil Practice Act, dismissing the complaint herein on the ground that there is another action pending between the same parties for the same cause of action as that set forth in the complaint. Section 278 of the Civil Practice Act provides that objection to a complaint that another action is pending between the same parties for the same cause appearing on the face of the pleading, is waived, unless taken by motion. The difficulty of the defendant's position is that section 278 of the Civil Practice Act, together with rule 106 of the Rules of Civil Practice, only relates to objections appearing on the face of the pleading. The objection made by defendant that there is a former action pending does not appear on the face of the complaint sought to be dismissed.

The practice with reference to moving for the dismissal of a complaint upon the ground stated is governed by rule 107 of the Rules of Civil Practice, and therein it is provided that within twenty days after the service of the complaint the defendant may serve a notice of motion for judgment dismissing the complaint on the ground that there is another action pending between the same parties for the same cause. The notice of motion herein was dated August 6, 1925, but the moving affidavit was not verified until August 27, 1925, and the motion papers for a dis-

missal of the plaintiff's complaint herein, upon which the order appealed from was granted, were not served until the 27th day of August, 1925, or more than the twenty days provided by rule 107 of the Rules of Civil Practice. By section 164 of the Civil Practice Act it is provided that where an adverse party has a specified time after notice or service within which to do an act, if service is made through the post office, three days shall be added to the time specified. It would, therefore, seem, the complaint herein having been served by mail on the defendant's attorney on July 23, 1925, that the defendant's time to move under rule 107 expired twenty-three days thereafter, or on August 15, 1925. In *Gordon* v. *Irving Bank-Columbia Trust Co.* (210 App. Div. 186) this court held that a motion under rule 107 of the Rules of Civil Practice for a dismissal of a complaint on the ground that another action is pending for the same cause must be made within twenty days after the service of the complaint.

We think we are bound by said former decision of this court, and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the defendant's motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and BURR, JJ., concur.

· Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.