THE FARMERS TRUST COMPANY OF LEBANON, PENNSYLVANIA, Executor of the Last Will and Testament of JAMES MOORHEAD, Deceased, Plaintiff, v. WILLIAM R. BRADSHAW, Defendant.

City Court of New York, New York County, May 19, 1930.

*Nichols & Snevily*, for the plaintiff.

*Abraham J. Friedman*, for the defendant.

RYAN, J. This is an action brought by plaintiff, a foreign administrator, to recover on a promissory note made by the defendant to the order of plaintiff's intestate. The note was made in California on March 10, 1923, and was payable one year after date, with interest, at Lebanon, Pa. Defendant admits the making of the note, but sets up by way of defense that on March 10, 1924, when the cause of action accrued, he was a resident of California and at the time of the commencement of this action a resident of the State of New York, and that by reason of such fact the California Statute of Limitations, which provides that actions upon contracts or obligations founded upon an instrument in writing must be brought within four years, is applicable and the plaintiff is, therefore, barred from prosecuting this action. A counterclaim was also interposed, but same was withdrawn during the trial. The complaint alleges the issuance of letters testamentary to plaintiff in the foreign jurisdiction, which allegation the defendant in his answer admits. Want of capacity was not pleaded by defendant, nor did he move in advance of the trial for a dismissal of the complaint on the ground that plaintiff did not have legal capacity to sue. When the case was reached for trial and after a jury had been impanelled, defendant moved to dismiss upon that ground, upon which motion decision was reserved; the trial thereupon being had. At the conclusion of the trial both sides moved for the direction of a verdict, upon which motion decision also was reserved. With respect to the objection of want of capacity to sue, the motion to dismiss is denied. It is a rule of long standing that in the absence of a special statute no suit can be maintained by an executor or administrator in his official capacity except within the limits of the State in which the letters are issued, and if he desires to prosecute an action in another State he must first obtain a grant of administration therein in accordance with its laws. (*Peterson* v. *Chemical Bank*, 32 N. Y. 21; *Taylor* v. *Syme*, 162 id. 513.) But the objection that action cannot be maintained for want of the issue of such letters affects only the capacity of plaintiff to sue, and not the jurisdiction of the court. It is no part of the cause of action. (*Robbins* v. *Wells*, 18 Abb. 191; *Dearborn* v. *Mathes*, 128 Mass. 194; 24 C. J. § 2711.) The defendant, by admitting the representative capacity of plaintiff and pleading to the merits, has disabled himself from questioning the right of plaintiff to maintain the action. The objection as to the character of the parties, and not as to the jurisdiction of the court, is considered waived unless raised in the manner

provided by the Rules of Civil Practice. (See rule 106; Civ. Prac. Act, § 278; *Rogers* v. *Landers*, 128 Misc. 208; *Gentilala* v. *Fay Taxicabs*, 214 App. Div. 255, 257.) As to the defense of the Statute of Limitations, the four-year statute of California does not apply. The note in suit was payable in the State of Pennsylvania. Consequently, it is governed as to its nature, validity, interpretation and effect by the laws of that State (*Beadell* v. *Moore*, 199 App. Div. 531), which prescribe a six-year period of limitation. The action, therefore, is not barred by the provisions of section 13 of the Civil Practice Act. Nor does section 55 of the Civil Practice Act deprive plaintiff of the benefit of the six-year limitation. Judgment is directed for plaintiff as prayed for in the complaint. Defendant may have ten days' stay of execution and thirty days to make a case. Settle order on two days' notice.