J. HAROLD FERGUSON, Administrator of the Personal Estate of JOHN H. FERGUSON, JR., Deceased, Plaintiff, *v.* NILLA VAN SLYCK HARDER, Defendant.

Supreme Court, Columbia County, September 28, 1931.

*Coffin, Coffin & Inman,* for the plaintiff.

*Hogan & Slingerland,* for the defendant.

McNAMEE, J. This action arises out of an automobile accident which occurred June 8, 1930, in the State of Virginia, resulting, as is alleged, in the death by negligence of plaintiff's intestate who was then a resident of the State of West Virginia. Administration on the estate of deceased was taken out in the county where he was domiciled, and the letters thereof were issued to the plaintiff. The plaintiff contends in his brief, and the defendant does not dispute it, that the statutes of Virginia give a cause of action to the administrator of the estate of one who suffers death due to the negligence of another. The plaintiff brings this action without procuring ancillary or other letters of administration in this State. The defendant asks a judgment dismissing the action, because on the face of the complaint the plaintiff has no capacity to sue in this State, and asserts further that the time to bring an action given for the death of the deceased, under the laws of Virginia, has by the terms of the statute expired.

The court has not the statutes of Virginia before it, as the motion to dismiss is made on the amended complaint, and the terms of the statute are not pleaded. The defendant interposed an answer to the complaint, containing a general denial, and the defense of contributory negligence; but no answer to the amended complaint has been served.

The West Virginia administrator has now procured the issue to himself in New York of ancillary letters on decedent's estate, and asks leave to amend his complaint so as to allege that fact.

It is the rule that a foreign administrator may not maintain an action in this State without first obtaining ancillary letters here (*Helme* v. *Buckelew,* 229 N. Y. 363, 365, 366; *Taylor* v. *Syme,* 162 id. 513, 518; *Farmers Trust Co.* v. *Bradshaw,* 137 Misc. 203, 204), the latter case observing on authority: " But the objection that action cannot be maintained for the want of the issue of such letters affects only the capacity to sue, and not the jurisdiction of the court. It is no part of the cause of action. * * * The defendant, by admitting the representative capacity of plaintiff and pleading to the merits, has disabled himself from questioning the right of plaintiff to maintain the action." It should be observed that in this case the defendant waived his objection by interposing an answer to the merits. (Rules Civ. Prac. rule 106; Civ. Prac.

Act, § 278; *Farmers Trust Co.* v. *Bradshaw, supra; Rogers* v. *Landers,* 128 Misc. 208, 211; *Gentilala* v. *Fay Taxicabs,* 214 App. Div. 255.)

But the defendant urges that the appointment of plaintiff in West Virginia gives him no standing whatever in the courts of New York, and for the purposes of this action is a nullity. But that is not an accurate statement of the theory underlying the decisions of this State. The plaintiff was appointed administrator according to the laws of the domicile of the decedent, and has the universal or primary administration, so called, of the estate. If there is a cause of action in favor of the decedent's estate, as claimed by the plaintiff, he is the owner of that right, and the proper one to enforce it. And this is so even though he, as a non-resident, or a foreign representative, is not authorized to sue without complying with the requirements of our law; without permission, so to speak. The act of the administrator in commencing this action without procuring an extension of his administration by taking ancillary letters here, was unauthorized; as would be the bringing of an action when an action is already pending between the same parties for the same cause, or by a receiver without permission. But the defect proceeding from this error was not one affecting the cause of action or its ownership. As has been said, " the defect was formal, not radical." And if this plaintiff were to continue the action, with the extended authority that ancillary letters here would give, it would not change the parties, alter the ownership of the right, or the trusteeship of the plaintiff, and the court would have jurisdiction of the real party in interest. As was said by our own Appellate Division, " The litigation would not be changed by bringing in the real party in interest * * * but would stand upon the same allegations set forth in the complaint herein " (*Wells* v. *Merrill,* 204 App. Div. 696, 698, 699). Here the plaintiff is the real party in interest, because he is the primary administrator of the estate and holds title to the right of action. And when the real party in interest is before the court seeking to assert his right, even though he has not complied, before commencing action, with a formal requirement which in no way affects the merits of the action or the rights of other parties, the court has power, in its discretion, to allow an amendment, and thus permit him to allege the fact that he has complied, and is now clothed with proper authority to maintain the action. (*Black* v. *Allen,* 42 Fed. 618, 624; *Robbins* v. *Wells,* 26 How. Pr. 15, 17; *Gentilala* v. *Fay Taxicabs, supra.*)

The suggestion of plaintiff that the motion of defendant comes too late, because of the provisions of the Virginia practice, cannot be heeded. If plaintiff sues on a cause of action arising in a

foreign jurisdiction, the *lex loci* will determine whether there is a cause of action, and what it is; but the *lex fori* will control the procedure. (*Sapone* v. *N. Y. C. R. R. Co.*, 130 Misc. 755, 756.)

The basis for plaintiff's request for leave to amend is the claim that he has a cause of action against the defendant under the laws of Virginia. But this basis appears from the argument and briefs of counsel rather than from any showing in the pleadings, or even in the proposed second amended complaint. Assuming the truth of plaintiff's allegations of the *res gestæ*, there appears to be no dispute that the laws of Virginia gave plaintiff a cause of action. And the court may well heed the suggestion of the Court of Appeals that the common-law rule which denied a cause of action to surviving relatives is an anachronism, in the light of modern legislation, and which adds: " Nearly everywhere, the principle is now embodied in statute that the next of kin are wronged by the killing of their kinsman." (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99.)

Tort actions are transitory and may be brought where the defendant is found; and actions arising in a foreign State, which are not penal or contrary to our public policy, may be sued here by one to whom the action is given by the laws of the foreign jurisdiction, and that is so without regard to the fact we have or have not a similar rule or statute here. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99.)

But while our courts recognize and enforce rights of action which arise under the laws of foreign States, we do not presume to know the provisions of those laws, and do not take judicial notice of them. In establishing his right of action, the plaintiff must plead and prove not only the *res gestæ* of his case, but he must plead and prove the provisions of the law under which he claims his right. These also are facts constituting part of his cause of action before our courts. (1 Chamberlayne Mod. Ev. 781, § 614; *Harris* v. *White*, 81 N. Y. 532, 544; *Southworth* v. *Morgan*, 205 id. 293, 296; *Matter of Smith*, 136 Misc. 863, 877.)

The plaintiff should be allowed to amend the complaint so as to allege his ancillary administration; and the proposed second amended complaint purports to do this. But an amendment to this extent would leave the complaint still defective in that it would fail to allege the statute of Virginia.

The motion to dismiss the complaint is denied, and the plaintiff is granted leave to serve a second amended complaint within five days after the service of this order, with notice of entry, without costs.

Submit an order accordingly.