GAHAGAN CANAVAN CORPORATION, Plaintiff, *v.* LONGACRE ENGINEERING & CONSTRUCTION CO., INC., Defendant, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Impleaded Defendant.

Supreme Court, New York County, November 2, 1933.

*Austin J. Mahon,* for the plaintiff, for the motion.

*McLaughlin & Stern,* for the defendant Longacre Engineering & Construction Co., Inc., opposed.

*Thomas E. White,* for the defendant Fidelity and Deposit Company of Maryland.

FRANKENTHALER, J. Civil Practice Act, section 278, subdivisions 1 (c) and 2 (b) and Rules of Civil Practice, rule 106, subdivision 4, and rule 109, subdivision 3, apply, by their very terms, only to a situation where the pendency of another action between the same parties for the same cause appears on the face of the complaint or answer. This is also the holding in *Gentilala* v. *Fay Taxicabs, Inc.* (214 App. Div. 255; revd. on other grounds, 243 N. Y. 397), and in *Thurman* v. *Gordon Co., Inc.* (215 App. Div. 187). Where the pendency of another action between the same parties for the same cause does not appear on the face of the pleading and must be shown by affidavit, subdivision 4 of rule 107 and subdivision 2 of rule 110 of the Rules of Civil Practice govern a motion to dismiss a complaint or counterclaim on that ground. In such a case failure to invoke rules 107 or 110 does not, however, constitute a waiver of the objection and the same may be set up as a defense to the complaint or the counterclaim, as the case may be. (*Gentilala* v. *Fay Taxicabs, Inc., supra; Thurman* v. *Gordon Co., Inc., supra.*)

In the *Gentilala Case* (*supra*) the Court of Appeals said (at p. 399): " This defense was properly pleaded in the answer although the defendant could have moved under Civil Practice Rule 107 upon the complaint and affidavits to dismiss the complaint for this reason. This is fully and correctly explained in the opinion of the Appellate Division."

In the case at bar the pendency of another action between the same parties for the same cause does not appear upon the face of the counterclaim interposed by Longacre Engineering & Construction Co., Inc. It follows that the moving party properly pleaded the pendency of the other action as a defense to the counterclaim and did not waive its right to avail itself of the defense by failing to move to dismiss the counterclaim under rule 107.

The motion for summary judgment dismissing the counterclaim is granted.