ROOSEVELT FIELD, INC., et al., Plaintiffs, *v.* TOWN OF NORTH HEMPSTEAD et al., Defendants.

Supreme Court, Special Term, Nassau County, December 5, 1949.

*James D. C. Murray* for Carle Place Water District and others, defendants.

*James L. Dowsey, Jr.,* for Town of North Hempstead and others, defendants.

*James G. Moore* for plaintiffs.

FROESSEL, J. Two motions for an order dismissing the complaint, (1) under subdivisions 4 and 5 of rule 106 of the Rules of Civil Practice, by the defendants, Town of North Hempstead

and the members of its board of appeals, and (2) under subdivision 5 of rule 106 of the Rules of Civil Practice, by the Carle Place Water District and its commissioners.

According to the complaint, the plaintiff, Roosevelt Field, Inc., has for more than twenty years last past been and still is the owner of certain real property in the town of Hempstead, county of Nassau, which it has used and still is using as an airport and landing area, as defined in section 240 of the General Business Law of the State of New York. This property is situated about 2,200 feet south of the real property owned by the defendants, Carle Place Water District and its commissioners, as aforesaid, and abuts for the entire length of its northern boundary the southern boundary of the defendant, town of North Hempstead. The plaintiff, Aero Trades Mfg. Corp., has been since September 25, 1947, and still is, the owner of certain real property, consisting of two lots in the town of North Hempstead.

The complaint purports to state two causes of action, and seeks a declaratory judgment. The first cause of action challenges the validity, on constitutional grounds, namely the failure to provide standards for the guidance of the board of appeals, of certain provisions of the zoning ordinance of the town of North Hempstead, and the action of its board of appeals in granting, pursuant to such provisions, the application of the defendant water district for the erection on its property, alleged to be in an industrial district, of a water tower of the height of 168 feet, 6 inches. The second cause of action challenges the determination of the said board of appeals on the grounds (a) that the water district and its commissioners made no application to the town building official for permission or authority to erect said water tower of said height on its property; (b) that no appeal was taken to said board from any denial of any such application by said building official, both of which were required by section 267 of the Town Law of the State of New York, and that no notice of appeal as required by said section, specifying the grounds thereof, was filed; (c) that there was no decision of any building official, from which an appeal could be taken; (d) that no facts showing unnecessary hardship and practical difficulty in carrying out the strict letter of the zoning ordinance, as to the water district and its commissioners and its property, were either pleaded or proved, and (e) that no findings of fact with relation thereto were made by the said board of appeals.

The contentions of counsel representing the Town of North Hempstead and its board of appeals are twofold, (1) that there is another action pending between the same parties for the same cause, in the United States District Court for the Eastern District of New York, and (2) that the complaint is insufficient because plaintiffs have an adequate and sufficient remedy at law by way of certiorari as authorized by section 267 of the Town Law.

The defendants, constituting the Carle Place Water District, join in the second contention of the other defendants, and in addition, urge on the merits that the sections of the zoning ordinance here challenged are valid, that the determination by the board of appeals was in all respects proper and regular, and that under the statutes, an application for a variance may be made directly to said board, without applying to the building official in the first instance.

At the outset, it may be stated that there is no merit whatsoever to the contention of the officials of the Town of North Hempstead that the action pending in the District Court bars the prosecution of the instant action. This objection does not relate to actions pending in the courts of other States or in the Federal courts (*Oneida Co. Bank* v. *Bonney,* 101 N. Y. 173; *Curlette* v. *Olds,* 110 App. Div. 596; *General Investment Co.* v. *Interborough R. T. Co.,* 200 App. Div. 794, affd. 235 N. Y. 133; *Barnes* v. *Andrews,* 208 App. Div. 856). Moreover, the fact of the pendency of another action does not appear on the face of the complaint (*Thurman* v. *Gordon Co.,* 215 App. Div. 187).

Nor is there merit to the town officials' second contention. The Building Zone Ordinance of the Town of North Hempstead expressly provides that the height of any building or structure in an Industrial A District shall not exceed thirty-five feet (§ 126.1) and in an Industrial B District, sixty feet (§ 140.1). Obviously, therefore, the water tower planned to be erected by the Carle Place Water District of the height of 168 feet, 6 inches, could not be permitted, unless in the exercise of discretion, the board of appeals, having *jurisdiction,* and acting under a *valid* ordinance, has granted a variance (§ 174.8).

It is true that if the variance were thus granted, the exclusive manner of reviewing the determination of the board is by certiorari under section 267 of the Town Law (*Matter of Beckmann* v. *Talbot,* 278 N. Y. 146, 150; *Baddour* v. *City of Long Beach,* 279 N. Y. 167, 177).

But here the plaintiffs are attacking (1) the *validity* on constitutional grounds, of certain provisions of the ordinance, pur-

suant to which the board of appeals purported to grant a variance, and (2) the *jurisdiction* of the board of appeals in acting directly upon an original application, rather than on an appeal from the denial of the owner's application to the board officials. If the plaintiffs are correct in both or either of these contentions, an action for a declaratory judgment will lie, for the board of appeals did not determine these issues; it merely purported to grant a variance (*Baddour* v. *City of Long Beach, supra; Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 228; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Brous* v. *Town of Hempstead,* 272 App. Div. 31; *Kaufman* v. *City of Glen Cove,* 180 Misc. 349, affd. 266 App. Div. 870).

The grounds urged by the plaintiffs in their second cause of action to the effect that there were no facts before the board showing unnecessary hardship and practical difficulty, and that there were no findings by the board, in other words, that its determination was arbitrary and capricious, are matters reviewable by the exclusive remedy of certiorari.

The contention of the plaintiffs that the ordinance is subject to constitutional attack because of its failure to provide standards for the guidance of the Board of Appeals cannot be sustained. Section 267 of the Town Law (par. 5th) provides as follows: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinances, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance * * * so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." (See, also, Town Law, § 261.) In conformity with this grant of power, sections 174.0 and 174.8 of the Building Zone Ordinance of the Town of North Hempstead were enacted, under the subheading " Powers ". Section 174.0 provides that the board of appeals may " determine and vary the application of this Ordinance * * * in harmony with its general purpose and intent as *hereinafter* provided." (Italics supplied.) Section 174.8 authorizes the board to: " Vary any provision of this Ordinance in cases of practical difficulty or unnecessary hardship, provided public health, safety and general welfare are secured." These provisions, when observed, sufficiently circumscribe the zoning board from making arbitrary determinations. They are substantially the same as section 81 of the General City Law and section 179-b of the Village Law, which have

been repeatedly upheld. The case at bar relates to a " variance " based on " hardship ", and coming under section 174.8, not to an " exception " based upon conditions required to be laid down in the ordinance. (*Matter of Reed* v. *Board of Standard & Appeals,* 255 N. Y. 126; *Dowsey* v. *Village of Kensington, supra; Holy Sepulchre Cemetery* v. *Town of Greece,* 191 Misc. 241, 247, affd. 273 App. Div. 942; *Matter of Olp* v. *Town of Brighton,* 173 Misc. 1079, 1082, affd. 262 App. Div. 944; *Hilton* v. *Board of Appeals of City of Geneva,* 18 N. Y. S. 2d 213.)

However, a more serious question is presented by reason of the fact that the board of appeals in this case acted upon an original application and not on an appeal from the denial of permission by the town building official. In my opinion, its action in so doing is utterly void for lack of jurisdiction. It will be noted that section 267 of the Town Law, above quoted in part, in cases of " practical difficulties or unnecessary hardships " grants to the board the power to vary only " in passing upon appeals." No original jurisdiction in such cases is given by the statute, nor by the ordinance. In the case at bar, no application was in the first instance made to the town building official, and, of course, no appeal was taken. It follows that the action of the board in assuming jurisdiction withheld from it is a complete nullity (*Matter of Mamaroneck Commodore, Inc.* v. *Bayly,* 260 N. Y. 528; *Dowsey* v. *Village of Kensington, supra,* p. 227; *Kaufman* v. *City of Glen Cove, supra;* 168 A. L. R. 105).

Under these circumstances, and there being no question of fact involved, it is well settled that where a public body acts entirely without jurisdiction, the rule against collateral attack does not apply, and even though certiorari were available, the remedy of a declaratory judgment is appropriate. (*New York Post Corp.* v. *Kelley,* 296 N. Y. 178; *Dun & Bradstreet, Inc.* v. *City of New York,* 276 N. Y. 198; *Kaufman* v. *City of Glen Cove, supra.*)

That being so, then in that aspect at least, a cause of action has been stated, and since the motions are addressed to the entire complaint, rather than to each of the two causes of action thereon, they must be denied.

Settle orders on notice.