Ritchie, J.
Defendants move to dismiss the first and second causes of action of the amended complaint pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice, on the ground that the plaintiffs have not legal capacity to sue in that said causes of action accrued in favor of the corporation and not in favor of the individual plaintiffs and that, therefore, they should be.required to institute a derivative action..
Defendants further move to dismiss the third cause of action under rule 106 on the ground that it fails to state facts sufficient to constitute a cause of action.
All three causes of action are for money damages. The first cause of action is grounded in fraud and the second cause of action is for breach of warranty. Both of them are based upon certain alleged fraudulent misrepresentations and warranties made in writing whereby the plaintiffs were induced to purchase stock, etc., in two corporations of which the defendants were directors and stockholders.
I think the motion insofar as it affects the first and second causes of action must be denied. The test as to whether the *449 action is derivative or solely for the benefit of the individual stockholders can be stated as follows: Whenever the acts of the directors do not consist of any wrongful misuse of the corporate property or wrongful exercise of the corporate franchise, but are of such a nature that they directly and primarily affect the interest of the stockholders in their shares of stock, by diminishing its value or otherwise impairing their proprietary rights in it, then the stockholders are directly injured and are primarily interested. As the cestui que trustent whose rights have been violated, they must seek relief against their defaulting trustees. The remedy is for their benefit and belongs to them alone. On the other hand, whenever the breach of trust consists in a wrongful dealing of any kind or in any manner with the corporate property or with the corporate franchises, the corporation itself is directly injured and is primarily interested. As the cestui que trust, whose rights have been violated, it must institute and maintain action for relief against its defaulting trustees. The remedy obtained, whether pecuniary or otherwise, is for its benefit and belongs to it alone.
Here, the alleged misrepresentation consisted of the concealment of the fact that one of the corporations had more obligations than an audit and inspection of the books and records indicated. The fact that these obligations were normal debts incurred in the regular course of the business of the corporation and were eventually paid by it has no bearing on the situation. Therefore, it is obvious that no harm came to the corporation as a result of such alleged misrepresentation. There was no misuse of the corporate property or wrongful exercise of the corporate franchise. The motion to dismiss the first and second causes of action is denied.
The moving defendants assert in their brief in support of their motion that the amended complaint was served upon them on or about March 25, 1955. If such is the case the motion to dismiss the first and second causes of action must be denied on another ground, namely, that it was not timely made. A motion made pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice, must be made within twenty days after service of the complaint. The motion papers on the instant motion were served by mail on April 18th, which was some twenty-four days after service of the amended complaint.
I am of the opinion that the third cause of action states a cause of action on its face. Accordingly, that portion of the motion seeking to dismiss it is also denied.