Benjamin Brenner, J.
The two defendants comprise two thirds of the board of directors of the plaintiff close corporation and control 60% of its stock. They move pursuant to rule 107 of the Buies of Civil Practice to dismiss the first cause of action upon the ground that Ace Taokless Corporation is named as a party plaintiff without the consent of that corporation.
The action is for a declaratory judgment defining the executive powers and functions of the corporation’s president and for an injunction. The cause under attack was instituted by the president in the name of the corporation. An alternative second cause, a derivative stockholder’s suit, brought by the president individually as a minority stockholder and director, is not involved in the present motion.
The suit concerns itself with the effect to be given to a stockholders’ agreement entered into between this closely held corporation and the principal owners of its stock. That agreement wag. the subject of another 'and similar suit brought in this court approximately two; years'ago by the plaintiff 'corporation and the individual plaintiff against the same two defendants to *39 compel enforcement of the ternas of the agreement which resulted in a declaratory judgment against the defendants. The purpose of this suit apparently is to prevent defendants from circumventing both the terms of the stockholders’ agreement and the purport of the judgment.
Defendants contend that as majority of the board, they would never authorize 11 the bringing of any action against us,” and it is admitted that the president did not make an attempt, cóncededly futile, to obtain their prior authorization. Apparently, the board of directors as such never actually prohibited the suit. Ordinarily, the management of the corporate property and affairs is vested in its board of directors (Sterling Inds. v. Ball Bearing Pen Corp., 298 N. Y. 483).
Defendants make the bare statement that “ the court lacks jurisdiction over the subject of this action, ’ ’ obviously an attempt to bring the motion under subdivision 1 of rule 107 where no limitation of time exists for bringing the motion. There is no substance to this contention. It is not nor can it be controverted that the court does have jurisdiction over the “ subject of the action, ” to-wit, the granting of a declaratory judgment. Furthermore, that the court has jurisdiction over the action brought in the name of the corporation cannot be questioned in view of the recent holding by the Court of Appeals in a somewhat analogous situation that “ the president of the plaintiff corporation, at the time the action was originally instituted, had the power, as president, to institute the action on behalf of the corporation. ’ ’ (West View Hills v. Lizau Realty Corp., 6 N Y 2d 344, 346.)
The finding here made that the court does have jurisdiction is made solely for the purpose of reaching a determination upon the question of the time limitation imposed by rule 107 and is not intended thereby to preclude the trial court from determining whether the president, under all the circumstances, had the authority to bring the action in the corporate name. Defendants ’ cited case, wherein the trial court held that the record was devoid of essential proof establishing authority to prosecute an action (Legion Against Vivisection v. Grey, 63 N. Y. S. 2d 920, 923) cannot be interpreted as a holding that the defect in proof “ goes to the jurisdiction of the court.” The lacking element was plainly one of evidence necessary to sustain plaintiff’s asserted right to recover judgment.
Plaintiff relies heavily on the claimed untimeliness of defendants’ motion, it having been brought on some three months after service of the summons and complaint and mote, than two months after the answer, rather than within .20 days of service of the complaint as expressly provided in rule 107, under subdivisions *40 2 to 8, inclusive. While defendants have carefully avoided specifying the precise subdivisions of the rule involved, the court concludes that subdivision 2, “ That the plaintiff has not legal capacity to sue,” is more nearly applicable than any other (see Tidy-House Paper Corp. of N. Y. v. Adlman, 4 A D 2d 619). An examination of the record on appeal in the Tidy-House case (cited as authority for defendants’ position that the president lacked authority to commence suit) reveals that the defendants there refrained from interposing' any answer whatsoever, actually refusing so to do, and moved instead within 20 days after service to vacate such service upon the ground that the suit was not authorized by the corporation and also moved to dismiss the complaint under rule 107 upon the ground that the plaintiff, not having authorized suit, lacked legal capacity to sue.
I am constrained to find that defendants’ delay in making the present application, beyond the 20-day period expressly provided in rule 107, is a waiver of their right to challenge by motion the capacity of the plaintiff to bring the instant action and that the motion must be denied. (Gordon v. Irving Bank-Columbia Trust Co., 210 App. Div. 186; Calinicas v. Travis Fulton, 242 App. Div. 850; Siegel v. Engelmann, 1 Misc 2d 447.)
Of course, defendants’ failure to dismiss the complaint, by motion under rule 107, does not prevent them, as they have already done, from setting up the objection as a defense in their answer (Gentilala v. Fay Taxicabs, 214 App. Div. 255, revd. on other grounds 243 N. Y. 397). Motion denied.
Settle order on notice.