Patrick Covino, d/b/a Pipeline Equipment Rental Corporation, Appellant, v. Alside Aluminum Supply Company et al., Respondents.

Fourth Department, June 29, 1973.

*Irwin Birnbaum* for appellant.

*Hancock, Estabrook, Ryan, Shove & Hust* (*Robert L. Duell* of counsel), for respondents.

GOLDMAN, P. J. Defendants-respondents moved to dismiss plaintiff-appellant's complaint " on the grounds that it fails to state facts sufficient to constitute a cause of action and on the further grounds that the plaintiff is not the real party in interest ". Special Term's order dismissing the complaint recited that the basis for the dismissal was " that the plaintiff Patrick Covino is not the real party in interest ". The order, which is the subject of this appeal, further denied plaintiff's cross motion to amend the complaint by changing the name of the plaintiff.

Defendant Alside Aluminum Supply Company (Alside) on September 18, 1968 entered into a lease with Pipeline Equipment Rental Corporation (Pipeline) for certain premises containing a warehouse in Dewitt, Onondaga County, New York. Plaintiff Patrick Covino, doing business as Pipeline Equipment Rental Corporation (Covino), is the principal stockholder of Pipeline. On June 25, 1969, while Alside was in possession as tenant, the building was destroyed by fire. Plaintiff commenced an action against Alside claiming that the negligence of Alside, and other defendants, in the storage of gasoline and other highly flammable materials within the building caused the fire.

Plaintiff's complaint recited the plaintiff's name as Patrick Covino, d/b/a Pipeline Equipment Rental Corporation, and contained eight causes of action. Paragraph 3 recited that " At all times hereinafter mentioned, said Plaintiff PIPELINE EQUIP-MENT RENTAL CORPORATION owned " the warehouse which Alside rented. Each of the eight causes of action incorporated paragraph 3 within them. Defendant Alside's answer admitted the first paragraph of the complaint which stated that Covino was a resident of East Syracuse, Onondaga County, New York, and denied each and every other allegation in the complaint.

Nothing further was done in the action until respondent Alside moved to dismiss the complaint. The motion was made upon the affidavit of one of Alside's attorneys, which was verified on June 28, 1972, three years and 3 days after the date of the fire. Counsel's affidavit recited that he had searched the records of the Onondaga County Clerk's office and had found a record of a corporation named Pipeline Equipment Rental Corporation but that he did not find a record of an assumed name certificate for Patrick Covino, doing business as Pipeline Equipment Rental Corporation. The affidavit further stated that the " Complaint sets forth no showing of any interest of Patrick Covino in the premises allegedly burned by reason of the negligence of defendants ".

Appellant's attorney, in opposition to the motion to dismiss, requested permission to amend the complaint " to conform with the ownership of the property which is the true ownership thereof as set forth in the lease attached to defendant's moving papers ". Counsel's affidavit further recited, as is the fact, that the complaint clearly alleged the correct ownership of the property, that defendant Alside as a party to the lease knew that the property was owned by the corporation and was signed for the lessor by Patrick Covino as president. The affidavit further submitted that Alside should not be permitted to wait until the Statute of Limitations had run against the action and thereby take advantage of appellant's error by raising for the first time the claim that Covino was not the real party in interest. Counsel asserts that plaintiff has a meritorious cause of action, that Alside has in no way been prejudiced by the error and that equity and fairness should entitle plaintiff to amend the complaint.

Plaintiff contends that by failing to raise in its answer the defense that plaintiff is not the real party in interest, Alside waived its right to dismiss on that ground and that the facts present a proper case invoking CPLR 2001 to permit amendment of the title of the action. Defendant Alside counters by arguing that the error in title can properly be raised by a motion to dismiss and that to permit appellant to amend to substitute a new party plaintiff would be tantamount to correcting a jurisdictional defect.

This appeal need not turn on the issue of waiver but rather may be determined on a basic principle of the CPLR that mistakes not affecting substantial rights may be corrected by amendment. Plaintiff contends that if a defendant raises the objection, as do the defendants here, that the complaint should be dismissed on the ground that the plaintiff is not the real party in interest, defendant is in effect claiming that the plaintiff does not have legal capacity to sue, one of the waivable grounds upon which a motion to dismiss may be granted (CPLR 3211, subd. [a], par. 3, and subd. [e]). If the objection that the plaintiff is not the real party in interest falls within CPLR 3211 (subd. [a], par. 3) and is equivalent to the objection of lack of capacity to sue, such an objection must be raised either before the service of a responsive pleading is required or in the pleading itself. Otherwise such objection is waived (CPLR 3211, subd. [e]). Defendants have neither timely moved nor pleaded if the objection is based upon lack of capacity to sue.

However, defendants' motion papers claim that the complaint does not state a cause of action and further that plaintiff is not

the real party in interest. It is unnecessary to decide whether the motion so stated is equivalent to a motion based upon lack of legal capacity to sue, since the question of whether a cause of action is stated in the complaint must also be reached and will be dispositive of this appeal (see *Ace Tackless Corp.* v. *Fuhrman,* 22 Misc 2d 38, 40).

The thrust of defendants' motion is that the plaintiff individual is a sole party plaintiff and is not the real party in interest. Accordingly, defendants are contending that the complaint fails to state a cause of action (3 Carmody-Wait 2d, New York Practice, Parties, § 19.52, p. 251). The rationale is that the complaint does not show title in the plaintiff of the subject matter of the action because the plaintiff is suing as an individual. The objection that the pleading fails to state a cause of action is jurisdictional and consequently nonwaivable (6 Carmody-Wait 2d, Pretrial Motions to Dismiss, § 38.34, p. 404). However, defendants' theory is inapplicable to the situation here where the right party plaintiff is in court but under a defective name or title as party plaintiff, in which case an amendment correcting the title is permissible (*Boyd* v. *United States Mtge. & Trust Co.,* 187 N. Y. 262; *Spooner* v. *Delaware, Lackawanna & Western R. R. Co.,* 115 N. Y. 22; *Dean* v. *Gilbert,* 92 Hun 427; *Van Tuyl* v. *New York Real Estate Security Co.,* 153 App. Div. 409, affd. *sub nom. Carnegie Trust Co.* v. *New York Real Estate Security Co.,* 207 N. Y. 691).

It is elementary that mistakes or irregularities not affecting a substantial right of a party are not fatal. Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly when the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved (3 Carmody-Wait 2d, Parties, §§ 19:11 and 19:12, pp. 194–195; § 19:19, pp. 209–210; CPLR 2001). Notwithstanding this obvious knowledge on defendants' part, their answer was simply a general denial and no action was taken or any responsive pleading served until after the expiration of the Statute of Limitations. The name of the president of a corporation in whose name an action was brought was stricken and the name of the corporation inserted in *Dean* v. *Gilbert* (*supra*). An amendment was proper where a domestic corporation was substituted as plaintiff for an individual doing business under the corporate name and where the defendant incurred no hardship (*Kelly* v. *Carson Petroleum Co.,* 123 Misc. 918).

An amendment changing the name of the corporate plaintiff to indicate that the name of the plaintiff was "A. A. Sutain, Ltd." instead of "A. A. Sutain, Inc." was proper because such an amendment only had the effect of correcting a mistake in designation of a name and did not effectuate any change in parties (*A. A. Sutain, Ltd.* v. *Montgomery Ward & Co.*, 22 A D 2d 607, affd. 17 N Y 2d 776).

Here we have a case where the proper party, the corporation, was actually named in the title of the action and also where the third paragraph of the complaint identified the plaintiff as a corporation and as the owner of the premises where the fire occurred. There are eight causes of action in each of which it is realleged that the corporation owned the warehouse. A reading of the title to the action unmistakably and immediately indicates that there is a conflict of designation of party plaintiff and an obvious misnomer in that the plaintiff could not be suing as an individual doing business under an assumed name, where that assumed name was a corporate name, and at the same time be suing as a corporation. The title is pregnant with inconsistency and contradiction. Such a misdescription alone should have prompted defendants to raise an issue as to the plaintiff status. Fundamental justice will not permit a party to take advantage of an obvious mistake in the title of the party plaintiff.

Defendants cannot complain that they are prejudiced on the ground that the Statute of Limitations has run because when a court permits an amendment of the title to an action, even though the Statute of Limitations has run, there is no prejudice so long as defendant has not been brought into the action for the first time by the amendment (*Boyd* v. *United States Mtge. & Trust Co.*, 187 N. Y. 262, *supra*; *Ryan* v. *Nationwide Mut. Ins. Co.*, 20 A D 2d 270; *Luce* v. *Pierce Muffler Shops*, 51 Misc 2d 256, affd. 28 A D 2d 826; *Ward* v. *Terry & Tench Constr. Co.*, 118 App. Div. 80, affd. 189 N. Y. 542).

The policy of permitting mistakes to be corrected at any stage of the action has always been liberal and from this policy there has been no departure following the enactment of the CPLR (2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2001.01 *et seq.*; *Heimer* v. *Johnson, Drake & Piper*, 26 A D 2d 547; *Ryan* v. *Nationwide Mut. Ins. Co.*, 20 A D 2d 270).

Courts sit in furtherance of justice. To allow dismissal of the complaint herein would not only disregard the policy of liberality in permitting the correction of a mistake but would also be tantamount to elevating form over substance. It was an abuse of Special Term's discretion to have denied plaintiff's

cross motion to amend. Pursuant to CPLR 2001, plaintiff should be allowed to amend its summons and complaint so as to correct the irregularity in the title to the action.

WITMER, MOULE, CARDAMONE and SIMONS, JJ., concur.

Order unanimously reversed without costs, motion to dismiss denied and motion to amend complaint granted.