■ In the Matter of the Arbitration between PUBLIC EMPLOYEES FEDERATION, AFL-CIO, Appellant, and GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. — Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered February 15, 1984 in Albany County, which dismissed petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

A dispute between petitioner and respondent Governor's Office of Employee Relations (hereinafter OER), regarding computation of out-of-State travel reimbursement for employees of respondent Department of Taxation and Finance, culminated in an arbitration award on May 20, 1982 in favor of petitioner. In March 1983, petitioner moved pursuant to CPLR 7510 to confirm the award, naming the "State of New York" as the sole

respondent. Since the State was not a proper party, Special Term, rather than dismissing the petition, as the State had urged, granted petitioner's request for permission to add the proper party respondents. An order to that effect was entered September 22, 1983 and, since appeals therefrom have not been perfected, the merits of that decision are not before us. The following day, petitioner served a second notice of petition and petition, both dated September 22, 1983, upon OER and the Department of Taxation and Finance. Apart from the fact that the second petition is directed at different parties, its allegations are identical to those contained in the first petition.

Special Term concluded that the second petition was not an *amended* petition in the prior proceeding, but that it was a new proceeding and, therefore, dismissed it as time barred (CPLR 7510). We reverse.

Petitioner's failure to label the second petition as an amended one or to make reference in it to the earlier proceeding constitutes a mere defect in form and, absent demonstrable prejudice to respondents, should have been disregarded by Special Term (CPLR 2101 [f]; *see, Covino v Alside Aluminum Supply Co.,* 42 AD2d 77, 80). That there was no prejudice to respondents in their ability to defend is apparent. Not only does respondents' answer to the second petition denote that it is a response "to the amended petition", but the answers to both petitions are virtually the same. This strongly suggests that respondents knew or believed that the second petition, which was served almost immediately after the order was entered granting petitioner leave to serve the proper party respondents and which bears the same index number as the first petition, was indeed an amended petition and not a newly instituted proceeding. Furthermore, there is nothing in the record to indicate that, during the time between service of the two petitions, evidence needed by respondents had grown stale or essential witnesses were lost.

Judgment reversed, on the law, without costs, and petition reinstated. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.