OPINION OF THE COURT
Martin Schneier, J.
This is an action to foreclose a mortgage. The note and mortgage were executed on August 19, 1999 by the defendant, *448 Juanita T. Levell, in favor of plaintiff, Colony Mortgage Bankers (Colony). On September 28, 1999, plaintiff assigned the mortgage to Countrywide Home Loans, Inc. (Countrywide). On July 31, 2000, plaintiff commenced this action. On August 8, 2002, the plaintiff’s motion for a judgment of foreclosure and sale was granted. Defendant now moves to vacate the judgment on the grounds that plaintiff divested itself of any interest in the property when it assigned its interest to Countrywide. Plaintiff cross-moves to amend the complaint and all prior papers, nunc pro tunc, to reflect Countrywide as the plaintiff.
Plaintiff argues that its proposed amendment is permissible under section 2001 of the CPLR, which states: “At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.” “Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly when the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved” (Covino v Alside Aluminum Supply Co., 42 AD2d 77, 80). Thus, in Covino, the Court allowed the complaint to be amended from “Patrick Covino d/b/a Pipeline Equipment Rental Corporation” to “Pipeline Equipment Rental Corporation.” Also, an amendment changing the name of the plaintiff from A.A. Sutain, Inc. to A.A. Sutain, Ltd. has been held proper (A.A. Sutain, Ltd. v Montgomery Ward & Co., 22 AD2d 607). Furthermore, the court finds that the proposed amendment would not prejudice the defendant because it should have been obvious to the defendant mortgagor that the foreclosure proceeding was being instituted by the mortgagee.
On the other hand, the court finds that the proposed amendment would do far more than correct a misnomer or misdescription. The proposed amendment would allow a nonparty to step into the shoes of the plaintiff. This case was not commenced by Countrywide under a mistaken name. It was commenced by Colony which was under the impression that it was the mortgagee. Under these circumstances the court finds that the proposed amendment is beyond the authority to correct errors allowed by CPLR 2001.
Accordingly, the defendant’s motion to dismiss the action is granted and the cross motion to amend is denied.