The Fitness Inst., Inc. v Hallac (2020 NY Slip Op 07788)





The Fitness Inst., Inc. v Hallac


2020 NY Slip Op 07788


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1094 CA 19-01252

[*1]THE FITNESS INSTITUTE, INC., DOING BUSINESS AS FITNESS INSTITUTE AND PILATES STUDIO, PLAINTIFF-RESPONDENT,
v
ISMET HALLAC, DEFENDANT-APPELLANT. 






GROSS SHUMAN P.C., BUFFALO (JOHN K. ROTTARIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TRONOLONE & SURGALLA, P.C., BUFFALO (JOHN B. SURGALLA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered June 7, 2019. The order, among other things, denied defendant's cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this breach of contract action as Fitness Institute and Pilates Studio, Inc. and subsequently moved for leave to amend the caption of the summons and complaint to designate plaintiff by its correct corporate name, The Fitness Institute, Inc., doing business as Fitness Institute and Pilates Studio. Defendant appeals from an order that granted plaintiff's motion and denied defendant's cross motion for summary judgment dismissing the complaint, which was premised on the ground, inter alia, that plaintiff, as originally named in the action, was a non-existent entity that could not have privity of contract with defendant and therefore lacked standing and legal capacity to sue. We affirm.
We conclude that Supreme Court did not abuse its discretion in granting plaintiff's motion to the extent that it sought to correct a misnomer with respect to plaintiff's name (see CPLR 2001, 5019 [a]; Glanz v Parkway Kosher Caterers, 176 AD3d 686, 687-688 [2d Dept 2019]; Covino v Alside Aluminum Supply Co., 42 AD2d 77, 81-82 [4th Dept 1973]; see also Pronti v Hogan, 278 AD2d 841, 841 [4th Dept 2000]). "Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly where the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved" (Cutting Edge v Santora, 4 AD3d 867, 868 [4th Dept 2004] [internal quotation marks omitted]; see A. A. Sutain, Ltd. v Montgomery Ward & Co., 22 AD2d 607, 608-609 [1st Dept 1965], affd 17 NY2d 776 [1966]; Covino, 42 AD2d at 80). Permitting a plaintiff to correct such an error does "not constitute an improper substitution of a different plaintiff" but merely corrects the title (Glanz, 176 AD3d at 687; see Bessa v Anflo Indus., Inc., 148 AD3d 974, 977 [2d Dept 2017]).
Here, the court properly concluded that plaintiff should be permitted to correct the misnomer in the original complaint because such correction would not unduly surprise or prejudice defendant. At all relevant times, defendant was aware of the operative facts with respect to the underlying claim, and the correction would not deprive defendant of the opportunity to prepare a proper defense to said claim (see generally Covino, 42 AD2d at 80; Farrington v Muchmore, 52 App Div 247, 249 [2d Dept 1900]). In light of our determination, we conclude that the court properly denied defendant's cross motion.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court